## Otto Geiersbach, Defendant in Error, v. John A. Fippinger et al., Plaintiffs in Error.

### Gen. No. 18,235.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CHARLES
A. McDONALD, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1912. Reversed and remanded with
directions. Opinion filed December 4, 1913.

### Statement of the Case.

Petition by writ of mandamus by Otto Geiersbach
against John A. Fippinger and others, as members of
the board of trustees and the board of local improve-
ments of the village of Bellwood, to compel the
respondents to take steps to put into collection a spe-
cial assessment and to issue proper vouchers for pav-
ing work done by petitioner. From a judgment
awarding the writ, respondents bring error.

GEORGE E. BRANNAN, for plaintiffs in error.

JOHN A. BROWN and CHARLES W. HADLEY, for de-
fendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the
court.

### Abstract of the Decision.

1. MANDAMUS, § 82*—*when proper to compel collection of special
assessment.* A writ of mandamus may be resorted to, to compel
a village to proceed to enforce the collection of a special assess-
ment if it has failed to discharge its duty in that respect.

2. MANDAMUS, § 143*—*sufficiency of petition.* Allegations of peti-
tion for mandamus *held* to sufficiently show, at least as against a
general demurrer, such a state of facts as to entitle petitioner to
a writ commanding a village to take necessary steps to put into
collection a special assesment.

*See Illinois Notes Digest, Vols. XI to XV. same topic and section number.

3. MANDAMUS, § 173*—*form of judgment.* Judgment that a writ of mandamus "do issue herein," etc., *held* not defective for not specifying what respondents are to do where the prayer of the petition is clear and specific.

4. MANDAMUS, § 172*—*what relief warranted by petition.* Allegations of a petition for mandamus to compel a village to put into collection a special assessment for paving work done, *held* not to warrant court in directing respondents to issue vouchers to petitioner.

5. MUNICIPAL CORPORATIONS, § 377*—*when village estopped to assert informality of contract for improvement.* Village authorities accepting work done by contractor in laying sidewalks in accordance with an ordinance, and under the superintendence of agents for the village, are estopped from setting up the irregular manner in which the contract was entered into as a defense to a petition for mandamus to compel the village to put into collection a special assessment.