[No. 12817.    Department Two.    June 12, 1915.]

THE STATE OF WASHINGTON, *on the Relation of the Prosecuting Attorney of Spokane County, Respondent,* v. UNION SAVINGS BANK OF SPOKANE, *Appellant.*[1]

APPEAL—DECISIONS APPEALABLE—FINAL ORDERS—MANDAMUS. An order in mandamus proceedings by a citizen and taxpayer compelling the prosecuting attorney to institute *quo warranto* proceedings against a corporation, is a final order in the proceeding against the prosecuting attorney, and hence is appealable by him under the express provisions of Rem. & Bal. Code, § 1033.

Motion to dismiss an appeal from an order of the superior court for Spokane county, Kennan, J., entered April 5, 1915, directing the institution of proceedings in the nature of *quo warranto.*    Denied.

*Danson, Williams & Danson* and *Clyde H. Belknap* (*George D. Lantz,* of counsel), for appellant.

*Hamblen & Gilbert* and *Smith & Mack,* for respondent.

FULLERTON, J.—W. S. Gilbert, a citizen and taxpayer of the county of Spokane, filed a petition in the superior court of that county praying for an order against the prosecuting attorney of Spokane county, directing that officer to institute, in his official capacity, the necessary proceedings to inquire by what authority the Union Savings Bank, a corporation, organized under the laws of this state, was exercising, or was about to exercise, the functions of a banking corporation. On the filing of the petition, the court made an order requiring the prosecuting attorney to appear before it on a day named and show cause, if any he had, why he should not institute the proceedings prayed for in the petition; directing, at the same time, that a copy of the order, together with a

[1]Reported in 149 Pac. 327.

copy of the petition, be forthwith served upon the prosecut-
ing attorney.   On the day named in the order, the prosecut-
ing attorney appeared and made answer to the petition, set-
ting out the reasons why he had·refused to institute the pro-
ceedings requested.   The court, after a hearing had thereon,
adjudged the answer insufficient, and entered an order di-
recting the prosecuting attorney to institute proceedings in
the nature of *quo warranto* against the corporation, sub-
stantially as prayed for in the petition.   From this order,
the prosecuting attorney appealed.

   This is a motion to dismiss the appeal.   It is contended that
the order is not final; that it is but a step in the proceeding
of *quo warranto* instituted to inquire into the conduct of the
corporation named.

   But while the applicant has entitled his proceeding as if
it were a proceeding instituted by the prosecuting attorney
against the Union Savings Bank, it is plain that it is not such
a proceeding.   The only person authorized to institute such
a proceeding is the prosecuting attorney, and that officer not
only has not instituted such a proceeding, but has refused,
and is now refusing, to institute it.   This proceeding is,
therefore, in no sense a proceeding against the bank.   On
the contrary, it is a proceeding, instituted by a person repre-
senting the interest of the public, to compel the prosecuting
attorney to perform a service such person conceives it to be
the duty of the prosecuting attorney to perform.   It is a
contest between the applicant and the prosecuting attorney,
in which the applicant is the relator and the prosecuting at-
torney the defendant, and was terminated finally by the order
of the court directing that *quo warranto* proceedings be insti-
tuted.   In substance and effect, the proceeding is one to com-
pel the performance of an act which it is alleged the law
especially enjoins upon the prosecuting attorney as a duty
resulting from his office; in other words, it is a proceeding
in mandamus.

Being a proceeding in mandamus, and being concluded by the final order entered therein, it is appealable by the express provision of Rem. & Bal. Code, § 1033 (P. C. 81 § 1793).

The motion to dismiss is denied.

MORRIS, C. J., MAIN, ELLIS, and PARKER, JJ., concur.