Motion to dismiss appeal allowed May 16, 1933

IN RE McLEOD'S ESTATE
COCKRUM *v.* GRAHAM
(21 P. (2d) 1084)

*Robert D. Lytle,* of Vale, for appellant.

*P. J. Gallagher* and *George B. Guthrie,* both of Portland, for respondent.

ROSSMAN, J. This cause is before us on motion to dismiss the appeal. We shall state in chronological order the events which finally culminated in this motion: December 13, 1920, one Donald McLeod, a resident of Malheur county, died, leaving an estate in that county; December 19, 1929, Harry B. Cockrum, respondent in this appeal, was appointed administrator of McLeod's estate, and, after qualifying, proceeded to discharge the duties of his office; April 17, 1930, one Susan R. Roethler presents a petition for the probate of what purported to be a copy of a lost will of McLeod. Honorable H. Lee Noe, who was then judge of the county court of Malheur county, after a hearing, entered an order holding that the instrument so offered for probate was not a lost will of McLeod. No appeal was taken from this order, but on February 24, 1931, the same Susan R. Roethler, who by that time had become Susan R. Hart, appeared again before the county court of Malheur county, this time as guardian of Margaret Roethler, a minor, and presented for probate another copy of the alleged lost will of McLeod. It was offered for probate in common form, and on September 2, 1931, Honorable David F. Graham, successor to Judge Noe, entered an order admitting the instru-

ment to probate as the will of McLeod. This instrument was identical to the one which Judge Noe had rejected, and the testimony in its support was the same as that offered in support of the other copy. October 21, 1931, the administrator filed in the circuit court for Malheur county a petition for a writ of prohibition in which he alleged the foregoing facts and prayed for a writ "commanding said county court for Malheur county, Oregon, to desist from any further proceedings in said matter and for such other and further relief as to the court may seem meet and proper". After a demurrer had been sustained to the petition the administrator, to whom we shall hereafter refer as the plaintiff, filed an amended petition. In it he alleged that on November 19, 1929, he was appointed administrator of the estate of Donald McLeod; that April 17, 1930, a petition was filed in the county court for Malheur county by Susan R. Roethler for the probate of what was represented to be a copy of a lost will of McLeod; that H. Lee Noe who was then county judge, after a hearing, entered an order on April 21, 1930, finding that "said purported copy of the said lost will so offered for probate was not the last will and testament of said Donald Mc-Leod, deceased, and by said order denied the admission to probate the said purported lost will"; that no appeal or writ of review was prosecuted from said order; that February 24, 1931, the same Susan R. Roethler filed a petition as guardian of Margaret Roethler, a minor, for the probate of the identical will mentioned above; that no notice was given to the administrator of that fact; that the subsequent hearing was conducted ex parte; that the administrator had no opportunity to be heard upon the application of Susan Roethler to establish the said will; that September 2, 1931, the county court made "a pretended and pur-

ported order admitting the pretended will to probate as, and finding the same to be, the last will and testament of the said Donald McLeod, deceased''; that Susan Roethler who filed the second petition was the same Susan Roethler who filed the first. We now quote from the amended petition the following:

''That by reason of the order of the county court made and entered on the 21st day of April, 1930, and denying said will to probate, and by reason of the fact that said order was not appealed from or reviewed, and by reason of the fact that said order became final, all matters and things looking towards the probate of the same will, upon the petition of any of the other devisees named therein, become res adjudicata and final, and that by reason of said order of April 21, 1930, the county court for Malheur county exhausted all of its jurisdiction to hear or determine any other or further petition to probate, or admit to probate, the same purported will, and that said order of the county court for Malheur county so made on the 21st day of April became final and binding upon all of the devisees named in said purported will and upon the heirs, executors and all persons claiming by, through or under them; that by reason thereof the said county court by thus exhausting its jurisdiction in said matter lost all further jurisdiction to again hear  *  *  * and that said purported order of the second day of September, 1931, was null and void''.

The amended petition, continuing, alleges that the county court was proceeding to probate said will and intended to appoint some person other than petitioner as the executor of the estate; that the appointment of some other individual would render it impossible for the petitioner, as administrator, to perform his duties. It next alleged:

''That petitioner has no speedy or adequate remedy by appeal or otherwise for the reason that under the

statute permitting appeals the right of appeal is limited to parties to the proceeding, and inasmuch as a proceeding in which said purported will was admitted to probate was an ex parte proceeding, petitioner has had no opportunity to be heard or to become a party thereto and is, therefore, in no position to appeal from said order, and that petitioner has no remedy by writ of review for the same reason that the statute regulating the issuance of a writ of review limits the right to petition therefor to those who were parties to the proceeding in the court below, and that the remedy by contest of said purported will is not speedy or adequate for the reason that it necessarily involves questions of fact, whereas the question attempted to be raised by this petition is a question of law purely and should be determined in this proceeding, and if determined in accordance with this petition will obviate the necessity of a long and expensive will contest''.

The petition concluded with a prayer that the defendant

''show cause, if any he may have, why this court should not make and issue a peremptory writ of mandamus directing and commanding the said David F. Graham, as county judge for Malheur County, to recall and set aside the order heretofore made on September 2, 1931, permitting the probate of said will and commanding him, the said David F. Graham, as county judge for Malheur County, to make and enter an order dismissing with prejudice the petition of the said Susan R. Hart, as guardian of the estate of Margaret Roethler, a minor, for the probate of said will, and commanding and directing the said David F. Graham, as county judge of Malheur County, to refuse to take jurisdiction or to make any order concerning or permitting the probate of said purported last will and testament of Donald McLeod which is herein described, and for such other and further relief as may seem meet and proper to this court, including the costs and disbursements of the petitioner herein''.

Thereafter an alternative writ of mandamus issued. Still later the defendant filed a demurrer to the petition which was overruled. Later the defendant filed an answer to the amended petition in which he admitted substantially all of its allegations. July 25, 1932, the plaintiff filed a demurrer to the answer predicated upon the contention that the answer did not state facts sufficient to show cause why the writ of madamus should not issue. August 11, 1932, the circuit court entered an order of which the following is a copy:

"Now on this day this cause came on regularly for hearing before the judge of this court on the demurrer of Harry B. Cockrum  *  *  *  and the court having read the said answer and demurrer, and considered the same in the light of arguments heretofore made, and being at this time fully advised as to all matters of law in regard to the same, and it appearing to the court that the same demurrer is well taken, and that the same should be sustained; now, therefore, it is hereby ordered, adjudged and considered that the said demurrer be and the same is hereby sustained; and it further appearing that the said David F. Graham refuses to further plead in said matter, it is, therefore, hereby further ordered, adjudged and considered that a peremptory writ of mandamus be and the same is hereby granted and allowed as prayed for in the petition of said administrator, and that petitioner have and recover his costs and disbursements to be taxed".

The above was followed by the signature of the circuit judge. August 16, 1932, plaintiff's attorney prepared and delivered to the circuit judge an appropriate form for a peremptory writ of mandamus, requesting his signature. thereto; August 30, 1932, he served and filed his cost bill; November 3, 1932, he received from the defendant's attorney a notice of appeal and an undertaking on appeal, the originals of which were filed in the office of the clerk of the circuit court

November 3, 1932. At the same time defendant's attorney requested the clerk of the circuit court to prepare a transcript of the record in that court of this cause. November 18, 1932, defendant's attorney filed in this court a motion requesting the privilege of withdrawing his notice of appeal and undertaking. Accompanying the motion was an affidavit of defendant's attorney, stating that at one time the defendant had considered taking an appeal from the aforementioned judgment order of August 11, 1932, and that at that time the attorney had prepared the notice of appeal and undertaking on appeal which he, on November 11, 1932, "through mistake filed in the office of the clerk of the Supreme Court". December 8, 1932, the plaintiff filed a motion to transfer this cause "from the equity docket to the law docket, it appearing that the same has been carried on the equity side of the court, when the matter should be docketed as an action at law" and "that the caption be arranged as an adverse action at law entitled 'Harry B. Cockrum, administrator of the estate of Donald McLeod, deceased, *Petitioner v. David F. Graham,* as County Judge of Malheur County, State of Oregon, Defendant'; that the caption 'In the matter of the estate of Donald McLeod, deceased,' is inadequate as a title to an adverse proceeding in mandamus". At some time prior to December 8, 1932, counsel for the defendant prepared a document entitled "judgment," presented it to the circuit court judge in whose court this cause was pending, and on that day the judge signed the same. We quote from it as follows:

"It is considered, ordered and adjudged, and this does consider, order and adjudge that the mandate of this court be issued by the clerk of the court directed to David F. Graham, as county judge of the county of

Malheur, and State of Oregon, directing and commanding him, the said David F. Graham, as said county judge, to make and enter an order dismissing with prejudice the petition of Susan R. Hart as guardian of the estate of Margaret Roethler, a minor, for the probate of the will of Donald McLeod, deceased, and directing and commanding the said David F. Graham, as said county judge, to refuse to take jurisdiction or to make any order concerning or permitting the probate of the purported said last will and testament of the said Donald McLeod, deceased; and it is further considered, ordered and adjudged that the clerk of this court cause said writ of mandamus to be regularly served on the said David F. Graham as said county judge''.

At that time the clerk of the circuit court signed a writ of mandamus, the form of which was substantially the same as that which counsel for the petitioner had prepared and sent to him on August 16. January 23, 1933, the defendant served and filed a notice of appeal, and on the 26th day of January an undertaking on appeal. Later the plaintiff moved to dismiss this appeal, on the ground that the judgment order of August 11, 1932, was a final order of the kind described in sections 7-501 and 8-315, Oregon Code 1930, and that the defendant's time to appeal therefrom as specified in section 7-503, Oregon Code 1930, expired sixty days after the entry of that judgment order.

The question now occurs whether the order signed by the circuit court judge August 11, 1932, was a judgment within the contemplation of section 8-315, Oregon Code 1930. That section of our laws authorizes an appeal ''from the judgment of the circuit court or judge thereof refusing to allow a mandamus, or directing a peremptory mandamus''. An examination of that order, a copy of which (formal parts excepted) we

have set forth in a preceding paragraph, reveals that, after mentioning the issue before the court, taking note of the appearances before the court, recording the fact that the parties had submitted the issue for disposition after argument, it (1) sustained the demurrer to the answer; (2) recorded the fact that the defendant had declined to plead further; (3) ordered a peremptory writ of mandamus to issue "as prayed for in the petition of said administrator"; and (4) awarded the plaintiff judgment for his costs and disbursements.

It is difficult to perceive what element is missing from the order to entitle it to be considered as a judgment within the contemplation of the section of our code just mentioned. Let us compare it with the document entitled "judgment" which was prepared by counsel for the defendant and signed by the judge December 8, 1932. That instrument mentioned the issue awaiting decision and stated the manner in which it arose in language not dissimilar to that employed in the order of August 11. It next mentioned the fact that the court had sustained a demurrer to the answer and that the defendant had declined to plead further. It then ordered (1) that a mandate be issued to the defendant directing and commanding him * * * to make and enter an order dismissing with prejudice the petition of Susan R. Hart * * * for the probate of the will of Donald McLeod deceased; and directing and commanding the said David F. Graham as said county judge to refuse to take jurisdiction * * * of the purported said last will and testament * * *; and (2) directed that the writ be served on the defendant.

The only differences of any consequence which we can detect between these two instruments are the fol-

lowing: the first is entitled an order and the second a judgment; the first does and the second does not award to the plaintiff a recovery of costs; the second specifically delineates the orders to the defendant which the writ shall include, and it directs that the writ shall be served upon the defendant.

Section 2-1501, Oregon Code 1930, provides: ''All judgments * * * shall specify clearly the amount to be recovered, the relief granted, or other determination of the action''.

■ Let us consider the importance of these differences between the two above orders. The mere fact that the document of August 11 is entitled an order and not a judgment, we deem unimportant for the character of an instrument is determined by its contents and not by its title. Many of the appeals which are prosecuted to this court are predicated upon instruments entitled orders. In *American Life Ins. Co. v. Ferguson*, 66 Or. 147 (134 P. 1029), we denied respondent's motion to dismiss an appeal although the appeal was based upon a document thus described in the opinion: ''The order here gives plaintiff all the relief it asks, not simply holding the matter in status quo, but putting plaintiff in a position to transact a general business, which the law forbids until certain conditions are complied with, and which defendant insists have not been complied with; and, notwithstanding the order is called an injunction, it is, in fact, a peremptory writ of mandamus and final''. From *State ex rel. Prosecuting Attorney v. Union Savings Bank,* 86 Wash. 48 (149 P. 327), we quote:

''This is a motion to dismiss the appeal. It is contended that the order is not final; that it is but a step in the proceeding of quo warranto instituted to inquire into the conduct of the corporation named. * * *

In substance and effect the proceeding is one to compel the performance of an act which it is alleged the law especially enjoins upon the prosecuting attorney as a duty resulting from his office; in other words it is a proceeding in mandamus. Being a proceeding in mandamus and being concluded by the final order entered therein, it is appealable by the express provisions of Rem. & Bal. Code, § 1033 [P. C. 81, § 1793]''.

In *State ex rel. Zilisch v. Auer,* 197 Wis. 284 (221 N. W. 860, 223 N. W. 123), the court was confronted with the problem whether the paragraph which we shall now quote constituted a final order upon which an appeal could be predicated:

''It is my opinion and decision that section 40-85 of the statutes is valid and constitutional; that the alternative writ of mandamus herein was properly issued; that defendant's motion to quash should be denied; and that if defendant does not file a return to said alternative writ of mandamus herein within ten days, a peremptory writ of mandamus as prayed for by the petitioner should be issued. Let judgment be entered accordingly''.

In holding that the above decision was sufficient to operate as the premise for an appeal, the court expressed itself thus:

''The relators moved to dismiss the appeal on two grounds: First, That the 'opinion and decision' of the trial court did not constitute an appealable order. The relators concede that an order denying a motion to quash is appealable, but they insist that this is not such an order, but a mere direction that such order should be entered later. In determining whether any particular form of judicial action is appealable, 'it is not the form of the determination but the nature of the adjudication that is to be considered'. Will of Jansen, 181 Wis. 83, 85 (193 N. W. 972). In holding that a similar 'opinion and decision' of the county court of Douglas County was appealable, this court said: 'It is

its substance and nature, rather than the name given to the proceeding, either by court or parties, that must be the criterion in determining the question of appealability'. Will of Pattison, 190 Wis. 289, 296 (207 N. W. 292). Considering the nature and substance of the trial court's decision it is clear that it did constitute an appealable order. It determined that section 40-85 was constitutional and valid; that the alternative writ was properly issued; that the motion to quash should be denied, and that the peremptory writ should issue, if a return is not filed within ten days".

The decision in *Voss v. Prentiss*, 154 Ill. App. 609, is peculiarly in point. We quote the following from it:

"On February 17, 1908, the court overruled the demurrers of the defendants, the Civil Service Commissioners, the Superintendent of Police and the Comptroller, to the amended petition as amended February 8, 1908, being the final amendment, and these defendants electing to stand by their demurrer it was ordered that a peremptory writ of mandamus issue as prayed in the last mentioned amended petition, and that petitioners recover their costs, and judgment therefor was entered against defendants. This is a final order and disposed of the entire case. No appeal was either prayed or allowed therefrom to this Court. Consequently the record is not before us for review, and the law does not clothe us with jurisdiction to review it.

"On April 4, 1908, for what reason does not appear, an order was entered dismissing the appealing defendants and others out of the case, and a writ of mandamus awarded with judgment for costs to the same purport and effect as the final judgment and order of February 17, 1908. The court was without jurisdiction to enter this later order and judgment, consequently it is a nullity, and the mere fact that none of the parties are complaining does not operate to restore the jurisdiction after it was lost".

We conclude that the fact that the one instrument is entitled an order and the other a judgment is unimportant.

We assume from the explanations before us that the omission from the second document of an award to the plaintiff of costs was an inadvertent one, and, hence, shall attach no importance to it.

■ The direction in the judgment of December 8 and its omission from the order of August 11 that the writ of mandamus be served upon the defendant, we deem immaterial because section 8-304, Oregon Code 1930, directs that "the writ shall be directed to * * * and may be served thereon, by any officer * * *".

■ We come now to the question whether the failure of the order of August 11 to recite specifically the directions to the defendant which should be included in the writ renders it impossible to consider that order as a judgment within the contemplation of section 8-315. Section 8-303 provides: "The writ shall be allowed by the court or judge thereof upon the petition * * *. Upon the filing of the petition and order of allowance, the writ shall be issued by the clerk in accordance therewith". It is apparent that the "order of allowance" must be sufficiently specific so that the clerk will understand what directions to include in the writ. Yet it is hard to perceive how any difficulties could arise from an order directing the writ to issue "as prayed for in the petition of said administrator," provided the prayer of the petition is sufficiently explicit. The defendant offers no criticism of the prayer except he suggests that a clerk would encounter difficulty when he came to the clause praying for "such other and further relief as may seem meet and proper to the court". Clearly, an intelligent clerk would ignore that clause when drafting the writ. In *City of Geneva v. The People*, 98 Ill. App. 315, the court was confronted with the question whether an

order "that the plaintiff have his peremptory writ of mandamus as prayed for in his petition aforesaid forthwith, together with judgment for his costs and charges by him about his suit in this behalf expended, to be taxed, and that said plaintiff have execution therefor" was sufficiently explicit to constitute it a valid judgment. In sustaining the validity of the order, the court declared:

"By a reading of the order alone, appellant would not be informed as to what it was commanded to do. The order simply grants the writ as prayed for in the petition, requiring a reference to the petition to understand what was to be done. The prayer of the petition, however, was clear and specific, asking only for a writ of mandamus directed to the city council commanding them to pass an ordinance disconnecting the territory therein described from said city. A reference to the petition, therefore, readily determines what was ordered by the court to be done. While this form of order is not to be commended, and might, in some cases, result in confusion, yet under the circumstances of this case, we can not hold that it is such error as to warrant a reversal of the judgment".

See to the same effect *Geiersbach v. Fippinger,* 184 Ill. App. 58.

■ It is our opinion that the order of August 11, 1932, contained all of the necessary elements to constitute it a judgment within the contemplation of section 8-315.

■ We have not overlooked defendant's contention that the order of August 11 was merely an order for a judgment, and *Gilpatrick v. Glidden,* 82 Me. 201 (19 Atl. 166), upon which he relies. We believe that the practice in vogue in this state avoids useless ceremony and that it regards as the judgment the first order containing all of the necessary recitals which, with

finality, disposes of the cause. Thus, unnecessary delay and useless entries are avoided. Likewise, the day is hastened when the prospective appellant must give his notice of appeal or forego that privilege.

██ Nor have we overlooked the contention that the parties did not regard the order of August 11 as final. Immediately upon the entry of that order the plaintiff served and filed a cost bill. At about the same time he submitted to the circuit judge a form for a writ. When he had completed these two acts he had done all that he could to put the order into execution, and apparently had accomplished the purpose of his suit. The motion which he later filed requesting that the action be "transferred from the Equity Docket to the Law Docket" and that the caption be altered, we believe does not constitute an indication that he at that time regarded the order of August 11 as interlocutory. Our procedure still preserves the distinction between actions at law and suits in equity, but section 6-102, Oregon Code 1930, deprives this distinction of any practical importance. The change in the caption was as appropriate after judgment as before.

We conclude that the order of August 11, 1932, was a final order within the contemplation of section 7-501, Oregon Code 1930; that it constituted the judgment in the mandamus action, as judgments in such actions are defined by section 8-315, and that the parties so regarded it.

■ Based upon the following statement appearing in 19 Standard Encyclopedia of Procedure, page 294: "Under the modern practice and statutes such proceedings are reviewable like other proceedings after issuance or refusal of the peremptory writ," the defendant contends that an appeal is not obtainable until

after the writ had issued. Since the writ did not issue until after December 8, the defendant contends that his appeal was timely. We have examined virtually all of the citations given by the editor of Standard Encyclopedia of Procedure as support for the above statement, and find that they do not support his statement, if it is intended to indicate that an appeal is not available until after the writ has issued. Be that as it may, the matter is settled by our statute which we have previously quoted and which authorizes an appeal "from the judgment of the circuit court or judge thereof refusing to allow a mandamus, or directing a peremptory mandamus". We, therefore, conclude that the order of August 11 was appealable, even though the judge at that time did not sign the writ.

We have likewise considered all other matters argued in the briefs, but shall not pause to express our opinion thereof, except so far as our opinion will be indicated by our conclusion that the motion to dismiss the appeal must be granted.

BELT, CAMPBELL, KELLY and BAILEY, JJ., concur.

BEAN, J., concurs in the result.

RAND, C. J., did not participate in this decision.