439

Argued and submitted December 14, 1982, plaintiffs' appeal dismissed, order for peremptory writ of mandamus reversed, peremptory writ quashed and petition for writ of mandamus dismissed February 2, 1983

FERNLEAF et al,
*Respondents, Appellants,*

*v.*

PUBLISHERS PAPER COMPANY,
*Appellant, Respondent.*

(81-11-128, CA A23462)

657 P2d 723

Jeffrey M. Batchelor, Portland, argued the cause for appellant, respondent. With him on the briefs were Charles J. Pruitt, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Barbara J. Rose, Portland, argued the cause and filed the briefs for respondents, appellants.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiffs obtained an alternative writ of mandamus directing their employer to stop withholding federal income taxes from their paychecks pursuant to 26 USC § 3402. Defendant failed to make a timely return on the writ, and it was made peremptory. Then defendant obtained an *ex parte* order extending the return date and moved to dismiss the alternative writ. The next day it moved to vacate the order for and to recall the peremptory writ. Before either motion was acted on, defendant filed a notice of appeal from the order and the peremptory writ. Subsequently the trial court vacated the order and the peremptory writ, dismissed the alternative writ and gave defendant judgment for its costs. Plaintiffs appealed from that order.

■ ■　Given the peculiar procedural posture of the case, it is necessary to determine which purported appeal is before us. The order for and the peremptory writ were final within the meaning of ORS 19.010(1) and (4). ORS 34.240. The trial court lost jurisdiction when defendant filed its notice of appeal, and the trial court's actions after that filing were void. ORS 19.033(1); *Caveny v. Asheim, et al,* 202 Or 195, 210, 274 P2d 281 (1954). Plaintiffs' appeal from the trial court's ":Order and Final Judgment" is dismissed.

■　　The single argument raised by defendant in its appeal is that plaintiffs' objective of restraining the withholding of federal taxes would require the court to violate the so-called Anti-Injunction Act, 26 USC § 7421(a), which provides generally that

"* * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."

Whether that proposition is correct need not be decided, for it is clear beyond doubt that no state court has the power to interfere with the performance of a duty imposed by federal law, such as the withholding of federal income taxes. US Const Art VI, para. 2; *McCulloch v. Maryland,* 17 US 316 (4 Wheat), 4 L Ed 579, (1819); *Cohens v. Virginia,* 19 US 264 (6 Wheat), 5 L Ed 257 (1821); *Ableman v. Booth,* 62 US 506

(21 How), 16 L Ed 169 (1859); *Tarble's Case,* 80 US 397, 20 L Ed 597 (1872).

Plaintiffs' appeal is dismissed. The order for the peremptory writ of mandamus is reversed, the peremptory writ is quashed and the petition for writ of mandamus is dismissed.[1]

---

[1] Nothing in this opinion should be taken as indicating whether the trial court had jurisdiction under ORS 34.110 to issue a writ of mandamus against a private corporation.