Argued and submitted July 6, reversed and remanded with instruction to quash
December 5, 1984

## STATE ex rel WEINSTEIN,
*Respondent,*

*v.*

## LANE COUNTY et al,
*Appellants.*

(16-81-09329; CA A28779)

692 P2d 135

Teresa J. Wilson, Assistant County Counsel, Eugene, argued the cause and filed the briefs for appellants.

Edward Ray Fechtel, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

■ ■ The county, the members of its Board of County Commissioners and its administrator (collectively, the county) appeal the trial court's order[1] that a peremptory writ of mandamus be issued requiring an account of all monies borrowed from the county general road fund and a cessation of borrowing from that fund. The order is based on the trial court's opinion that any money in the road fund, which is dedicated for road purposes by Oregon Constitution Article IX, section 3a,[2] together with any other money that is credited to the road fund as required by law,[3] may only be borrowed to supplement depleted election accounts pursuant to ORS

---

[1] Plaintiff's motion to dismiss this appeal for want of a final judgment was denied. An order directing the issuance of a peremptory writ of mandamus is a final and appealable judgment. *Cockrum v. Graham,* 143 Or 233, 247-48, 21 P2d 1084 (1933); ORS 34.240. Although the writ issued here requires an accounting, the principal purpose of the proceeding below was to establish whether it is illegal for the county to loan money from the dedicated road fund to other funds. The accounting is incidental to the determination of that issue, and the court's order directing issuance of the peremptory writ determined the controversy between the parties. The order is final for the purposes of this appeal. *See Hall v. Pierce, Bone,* 210 Or 98, 154, 307 P2d 292, 309 P2d 997 (1957).

[2] Oregon Constitution, Article IX, section 3a, provides, in part:

"(1) Except as provided in subsection (2) of this section, revenue from the following shall be used exclusively for the construction, reconstruction, improvement, repair, maintenance, operation and use of public highways, roads, streets and roadside rest areas in this state:

"(a) Any tax levied on, with respect to, or measured by the storage, withdrawal, use, sale, distribution, importation or receipt of motor vehicle fuel or any other product used for the propulsion of motor vehicles; and

"(b) Any tax or excise levied on the ownership, operation or use of motor vehicles."

All county general road funds receive some revenue from the State Highway Fund, ORS 366.525, which receives revenue from sources described in Article IX, section 3a. ORS 366.505. Those revenues, and the interest earned thereon, may only be used for road purposes. *State ex rel Sprague v. Straub,* 240 Or 272, 279-81, 400 P2d 229, 401 P2d 29 (1965).

Whether ORS 294.460 is constitutional under Article IX, section 3a, is not presented by this appeal, and we express no opinion on that question.

[3] The county declined to advise the trial court of the several specific sources of its general road fund. Because the court was unable to determine if some of those revenues were not required to be dedicated solely for road purposes, all of the monies in the fund were included in the court's order.

294.050.[4] The county argues that ORS 294.460 gives it authority to borrow money from the road fund for any other fund, provided that certain procedures are followed. Whether the county is correct is the only issue before us.

ORS 294.460 is part of the Local Budget Law and provides, in part:

"(1) It shall be lawful to loan money from any fund to any other fund of the municipal corporation whenever the loan is authorized by official resolution or ordinance of the governing body, except loans shall not be made from funds created for the purpose of retiring indebtedness unless otherwise provided by the charter of any city or county or in any statute relating to municipal corporations. The resolution or ordinance shall state the need for the loan and provide that the money so loaned shall be returned to the fund from which it was borrowed by the end of the ensuing year. The payment of any loans not repaid in the year in which the loan is made shall be budgeted as a requirement in the ensuing year."

The trial court, relying on certain opinions of the Attorney General and its own analysis of the legislative history of the statutes in question, concluded that the term "funds" appearing in ORS 294.460 does not include "special funds for particular purposes, whether raised by levy or designated by statute." We do not agree.

■■ It is unlawful to *transfer* monies from special revenue funds to other funds. ORS 294.450(4).[5] Attorney General's

---

[4] ORS 294.050 provides:

"The county court or board of county commissioners may borrow money from the general road fund of the county to supplement depleted election accounts within the general fund of the county if there is no money within the emergency fund of the county to supplement the depleted accounts within the general fund. The amount so borrowed shall be returned to the general road fund during the following fiscal year from the first funds available in the general fund, or from the emergency fund."

By its terms, this statute only applies if a county intends to borrow money from the general road fund to supplement a depleted election account. The loans at issue here were not borrowed for that purpose. The limitations of the statute condition the general terms of ORS 294.460, but they are irrelevant in this case.

[5] ORS 294.450(4) provides:

"It shall be unlawful to transfer appropriations from any special revenue fund to the general fund or any other special revenue fund."

opinions have recognized this limitation,[6] and the county does not contend otherwise. However, ORS 294.460 expressly authorizes local governments to *loan* money from *any* fund to *any other* fund. Resorting to legislative history or rules and maxims of statutory construction is unnecessary and improper if a statute is sufficiently clear in its express terms that a court can discern and declare the legislature's intent without extrinsic aids. *Whipple v. Howser,* 291 Or 475, 487, 632 P2d 782 (1981). The language of ORS 294.460 is very clear that local governments may *loan* money from *any* fund to *any other* fund. If, as the trial court concluded, the term "any fund" appearing in the statute was not intended to include special revenue funds, a limitation on local governments' authority to borrow from those funds similar to the one found in ORS 294.450(4) governing transfers from special revenue funds could have been made part of ORS 294.460. It was not.

Order for peremptory writ of mandamus reversed; remanded with an instruction to quash.

---

A special revenue fund is defined in ORS 294.311(30) as "a fund properly authorized and used to finance particular activities from the receipts of specific taxes or other revenues."

[6] *See* 24 Op Att'y Gen 188 (1949); 23 Op Att'y Gen 93 (1946).