Argued and submitted September 17, appeals dismissed November 13, 1996

# HOUSING AUTHORITY OF LINCOLN COUNTY,
*Respondent,*

*v.*

## David J. WHITE
and Nancie White,
*Appellants.*

(95-0944, 95-2253; CA A91419 (Control), CA A91780)
(Cases Consolidated)

927 P2d 121

Douglas R. Holbrook argued the cause and filed the briefs for appellants.

Jeffrey C. Hollen argued the cause for respondent. On the brief were Scott A. Miller and Robert W. Connell.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendants White (tenants) appeal from an order of the circuit court denying their motion to vacate that court's order issued during a writ of review proceeding. The circuit court reviewed the judgment of the district court in a forcible entry and detainer (FED) proceeding and purported to reverse the district court's judgment in tenants' favor. Tenants also appeal from an order of the district court denying their motion for relief from the judgment entered by that court pursuant to the circuit court's order. The two cases were consolidated on appeal. We dismiss both appeals.

Plaintiff Housing Authority of Lincoln County filed an FED action against tenants on the ground that tenants had failed to report income in accordance with the provisions of their lease. The district court ruled in favor of tenants and entered judgment for them in March 1995. Plaintiff petitioned the circuit court for a writ of review. The petition was granted and an "Order for Writ of Review" was issued directing the court clerk to issue the writ to the district court and tenants. The clerk issued the following notice:

"TO: LINCOLN COUNTY DISTRICT COURT, DAVID J. WHITE and NANCIE J. WHITE, [tenants]

"By virtue of an order of the [circuit court], made and entered on June 5, 1995, you are hereby required to return this writ to the court on or before June 16, 1995, with a certified copy of the records and proceedings had in the matter of Housing Authority of Lincoln County vs. David J. White and Nancie J. White, Lincoln County FED Case No. 950944 together with the findings and final order rendered."

The writ was served on tenants. On July 19, 1995, the circuit court scheduled a hearing on the writ and sent notice of the hearing time and place to plaintiff Housing Authority but not to tenants. Because tenants were unaware of the hearing, they did not appear. The court held a hearing on July 31, 1995, and as a result, issued an "ORDER REVERSING DISTRICT COURT" on August 4, 1995. By its terms, the order reverses the district court's judgment in favor of tenants. Tenants moved for relief from the order pursuant to ORCP 71 B(1)(d), on the ground that they were not

afforded notice of the July 31 hearing and an opportunity to be heard. The circuit court denied their motion on January 11, 1996. Tenants assign error to the denial of that motion, arguing that the August 4, 1995, order was void for want of notice of the July 31 hearing.

On December 8, 1995, the district court, acting pursuant to the circuit court's order of August 4, 1995, "rescinded" its earlier judgment in favor of tenants and entered a "judgment order"[1] for plaintiff. Tenants moved for relief from that judgment pursuant to ORCP 71 B(1)(d), on the ground that the judgment was void because the district court lacked subject matter jurisdiction of the case. The district court held a hearing where both parties appeared by counsel. The court denied the motion, and tenants also assign error to the denial of that motion, contending that the judgment was void because plaintiff's acceptance of rent payments during the pendency of the FED suit deprived the district court of jurisdiction over the case.

On appeal, tenants' first assignment of error contends that the district court's judgment is "void for lack of jurisdiction," and, therefore, that the court erred in denying the motion to set it aside. ORS 105.110 vests jurisdiction in the district court of the county where the property is situated to adjudicate FED actions. Tenants do not contend that the court that entered judgment against them in the FED action was other than a district court or was a district court in the wrong county. Rather, they contend that the district court lost jurisdiction of the matter as a result of plaintiff accepting rent after bringing the FED action.

Assuming without deciding that tenants' assignment of error presents a cognizable legal issue, resolution of that issue on appeal requires this court to review the record below to determine whether the facts are as tenants claim. We have no record to review. Apparently, the audio tapes from the December 21, 1995, hearing on the motion for relief in the district court have been lost or destroyed. In the absence of a transcript of the proceedings on which an appeal is based, an

---

[1] There is no such thing as a "judgment order." The phrase is a contradiction in terms and should not be used. *Gibson v. Benj. Franklin Fed. Savings and Loan*, 294 Or 702, 711 n 3, 662 P2d 703 (1983).

appellant must show due diligence in attempting to find and supply a record for appeal. *Smith v. Custom Micro, Inc.*, 311 Or 375, 379, 811 P2d 1371 (1991). No such showing has been made in this case. Also, tenants conceded during oral argument that they made no effort to develop an agreed narrative statement of the proceedings pursuant to ORS 19.088. *See also Hoffart v. Lindquist & Paget Mortg. Co.*, 182 Or 611, 616-17, 189 P2d 592 (1948) ("[I]t [is] incumbent upon the appellant * * * to show either that it had endeavored, without success, to prepare a report of the testimony and secure its authentication by the court, or that the nature of the record was such that an effort of that kind would have been a mere futility."). Without a record of the proceeding below, this court cannot exercise review. Therefore, we dismiss tenants' appeal from the district court's order pursuant to ORS 19.108(1).[2]

■ Tenants' second assignment of error pertains to the circuit court's order denying their motion for relief from the "ORDER REVERSING DISTRICT COURT" issued following the hearing on writ of review. Tenants contend that the court erred in not granting their motion under ORCP 71 B(1)(d), because the August 4, 1995, order was void for lack of notice of hearing to them. We have reviewed the trial court file. No judgment was entered in circuit court arising out of the writ of review proceeding. The "order" issued by the court says, in pertinent part, that the district court judgment of March 1995 is "reversed" and that tenants "shall vacate the premises within five days." The appeal is from the order denying the motion to vacate that order. Although neither party raises the issue, we must determine whether there is an appealable "thing" before us before we turn to the merits of the appeal.

■ The power vested in circuit courts to review the proceedings of inferior tribunals is statutory in origin. ORS 34.010 *et seq*. ORS 34.100 provides:

---

[2] ORS 19.108(1) provides:

"When it appears to the court to which the appeal is made that the record is erroneous or incomplete in any particular substantially affecting the merits of the appeal, on motion of a party or on its own motion the court may make such order as may be just or may dismiss the appeal if the error or omission is without reasonable excuse."

"Upon the review, the [circuit] court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, * * * or to direct the inferior court * * * to proceed in the matter reviewed according to its decision. From the *judgment* of the circuit court on review, an appeal may be taken in like manner and with like effect as from a *judgment* of a circuit court in an action." (Emphasis supplied.)

Based on the text of the statute, it is clear that the statute contemplates that a decision by the circuit court on review to reverse a judgment of an inferior tribunal is to be given effect by the entry of a judgment.

The August 4, 1995, order cannot be characterized as a judgment. ORCP 70 A provides: "Every judgment shall be in writing plainly titled as a judgment and set forth in a separate document." In *Goeddertz v. Parchen*, 299 Or 277, 280, 701 P2d 781 (1985), the Supreme Court stated:

"The character of a document is to be determined by its content and not by its title. *Cockrum v. Graham*, 143 Or 233, 242, 21 P2d 1084 (1933). However, to constitute a judgment, the document must be so labeled, ORCP 70 A."

In this case, the August 4, 1995, document issued by the circuit court is expressly titled an "order" and contains no words that connote a judgment.

■   The lack of a final judgment in the circuit court proceeding affects the appealability of the order on appeal. The general rule is that an order denying a motion to vacate an appealable order or judgment is not appealable. Underlying the rule is the reasoning that an appeal is available from the initial ruling. *Columbia Auto Works v. Yates*, 176 Or 295, 308, 156 P2d 561 (1945). However, ORCP 71 B(1)(d) authorizes a motion to relieve a party from "a judgment" when the underlying judgment is void. An order denying such a motion is appealable under ORS 19.010(2)(c) and is an exception to the general rule. *Waybrant v. Bernstein*, 294 Or 650, 661 P2d 931 (1983). Conversely, ORCP 71 B does not provide for relief from an order and is not applicable when no judgment was rendered. *Rajneesh Foundation v. McGreer*, 303 Or 139, 145, 734 P2d 871 (1987). Here, the August 4, 1995, order was not

appealable; it only laid the foundation for the entry of a judgment in the writ of review proceeding. *City of Portland v. Carriage Inn*, 296 Or 191, 193-94, 673 P2d 531 (1983). Thus, the legal predicate for an appealable order arising out of an ORCP 71 B(1)(d) proceeding never occurred. Consequently, there is no appealable order before us from the circuit court writ of review proceeding.

Appeals dismissed.