On appellants' motion filed September 12, and respondent Lowell's motion filed September 26, 1996, jurisdiction determined; motion to dismiss denied May 7, 1997

## STATE ex rel THOMAS LOWELL,
*Plaintiff-Relator-Respondent,*

*v.*

## John EADS,
Jackson County Land Use Hearings Officer;
Laurel Prairie-Kuntz,
Director of the Jackson County Planning Department,
*Defendants,*

*and*

## JACKSON COUNTY,
a Political Subdivision of the State of Oregon,
*Defendant-Respondent,*

*and*

## Joseph ESTREMADO
and Joyce Estremado,
*Intervenors-Appellants.*

(950245Z2(3); CA A94379)

939 P2d 74

Richard H. Berman and Blackhurst, Hornecker, Hassen & Ervin B. Hogan for the motion to determine jurisdiction.

James R. Dole and Schultz, Salisbury, Cauble, Versteeg & Dole for the motion to dismiss.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Relator filed a mandamus proceeding under ORS 215.428 to require Jackson County to approve certain land use applications that he had submitted. Intervenors intervened in that proceeding. The parties tried the matter to the court, which found in favor of relator. The court thereafter entered a document entitled "Findings of Fact and Conclusions of Law" on June 5, 1996, that directed the issuance of a peremptory writ of mandamus and dismissed intervenors' complaint in intervention. Five days later, the court issued the peremptory writ. The court did not enter a judgment in the proceeding other than a judgment awarding attorney fees and costs in favor of relator and Jackson County.

On July 29, 1996, intervenors filed an ORCP 71 motion for relief from judgment. They argued in the motion that the court was required to enter a document entitled "Judgment" as the final, appealable court action in the proceeding and it had not done that. Consequently, whether the findings and conclusions or the peremptory writ were otherwise understood to constitute the final court action in the proceeding, the document embodying that action contained a clerical error because it was not labeled a judgment, which error had to be corrected by refiling the document as a judgment. At the hearing on the ORCP 71 motion, intervenors also orally moved to have the court enter a judgment in the proceeding. The court denied both motions by written order on August 22, 1996.

Intervenors appealed from the August 22 order and moved, pursuant to ORS 19.034, to determine whether we have jurisdiction of their appeal. Relator responded by moving to dismiss the appeal. For the reasons that follow, we conclude that we have jurisdiction.

Our jurisdiction turns on whether the document entitled "Findings of Fact and Conclusions of Law" constitutes the final, appealable court action in this proceeding.[1] Relator

---

[1] Although the court entered a judgment for attorney fees and costs in favor of relator and the county, the status of that judgment as an appealable judgment depends on whether the court had entered a judgment on the merits. *See King v. Clements*, 143 Or App 462, 469-71, 923 P2d 688 (1996). Hence, the existence of the

says that it does, relying on *Cockrum v. Graham*, 143 Or 233, 21 P2d 1084 (1933). Intervenors say that it does not, relying on *City of Portland v. Carriage Inn*, 296 Or 191, 673 P2d 531 (1983). Intervenors are correct.

In *Cockrum*, the trial court entered an order allowing a peremptory writ of mandamus. It thereafter issued the writ. The defendant appealed from the order allowing the writ but dismissed the appeal. He then submitted a judgment allowing a peremptory writ of mandamus, which the court entered, and a new peremptory writ, which the clerk of the court issued. The defendant appealed from the judgment. On the plaintiff's motion, the Supreme Court dismissed the appeal on the ground that the order allowing the writ constituted the final, appealable court action in the case and the defendant had not timely appealed from that action.

Then, as now, the statute governing appeals in mandamus actions authorized parties to appeal from *"judgment*[s] * * * refusing to allow a mandamus, or directing a peremptory mandamus."* ORS 34.240 (emphasis supplied). The court held, however, that a document's status as a judgment depends on what it does rather than on the label given it:

"[T]he practice in vogue in this state * * * regards as the judgment the first order containing all the necessary recitals which, with finality, disposes of the cause."

*Cockrum*, 143 Or at 246-47. Hence, the order allowing the writ of mandamus was the judgment, because it contained all the necessary recitals to conclude the action. The failure to label it as a judgment did not affect its status as one.[2]

The Oregon Rules of Civil Procedure changed that principle, as the Supreme Court recognized in *Carriage Inn*. There, the court held that ORCP 70 A requires a judgment to be labeled a judgment in order for it to be one.

The trial court in *Carriage Inn* had entered an order dismissing plaintiff's complaint without leave to replead.

---

judgment for attorney fees and costs has no bearing on whether we have jurisdiction over the appeal from the order denying intervenors' motions.

[2] *See, e.g., Leahy v. Leahy*, 208 Or 659, 662-63, 671-77, 303 P2d 952 (1956) (document labeled "Opinion" was a final judgment, based on its operative language).

Plaintiff appealed from that order but dismissed its appeal. The court then entered a judgment dismissing the action, from which plaintiff appealed. The Court of Appeals dismissed the appeal on the ground that the order dismissing the complaint constituted a judgment for purposes of appeal, so the plaintiff was required to appeal from it. *City of Portland v. Carriage Inn*, 64 Or App 751, 753, 669 P2d 1185 (1983).[3] The Supreme Court reversed, explaining that the order dismissing the complaint

> "was appealable only if it was itself a 'judgment or decree' appealable under ORS 19.010(1).
>
> "The circuit court may have intended the order to have that effect, because it disposed of the case except for taxation of costs, disbursements, and attorney fees, which does not delay entry of judgment. ORCP 70B(1). Nevertheless, an 'order' cannot take the place of a 'judgment or decree.' ORCP 70A specifically prescribes: 'Every judgment shall be plainly labeled as a judgment and set forth in a separate document.' Counsel contemplating an appeal must be able to rely on that document, properly labeled a 'judgment,' in determining the 30-day period within which to file notice of appeal under ORS 19.026(1)."

*Carriage Inn*, 296 Or at 194.[4]

The Oregon Rules of Civil Procedure apply to mandamus actions, so the principle established in *Carriage Inn* applies to determine whether a document entered in such an action constitutes a judgment or an order. Here, as in *Carriage Inn*, the parties and the court treated the order allowing the writ of mandamus as if it were a judgment, but it was not because it was not labeled a judgment. Hence, the order allowing the writ was not a final, appealable judgment.[5]

---

[3] Of course, the plaintiff had done that, but it had dismissed that appeal.

[4] *See also Goeddertz v. Parchen*, 299 Or 277, 279-80, 701 P2d 781 (1985) (character of document determined by content rather than title but, to constitute a judgment, document must be so labeled).

[5] We assumed that we had jurisdiction over such an order in *State ex rel Weinstein v. Lane County*, 71 Or App 238, 240 n 1, 692 P2d 135 (1984), and in *Fernleaf v. Publishers Paper Co.*, 61 Or App 439, 441, 657 P2d 723 (1983). *Fernleaf* was decided before *Carriage Inn*. Although *Weinstein* was decided after *Carriage Inn*, no question was raised in it about our jurisdiction over appeals from orders as opposed to judgments. Hence, neither *Fernleaf* nor *Weinstein* is authority on the issue. *Murphy Citizens Advisory Com. v. Josephine County*, 325 Or 101, 934 P2d 415 (1997), also has no bearing on the issue.

■     Because it was not, we do not have jurisdiction over intervenors' appeal from the order denying their ORCP 71 motion. We do have jurisdiction under ORS 19.010(2)(c) of appeals from orders denying ORCP 71 motions, but only in cases in which the orders are entered after entry of a judgment. *See Waybrant v. Bernstein*, 294 Or 650, 653-55, 661 P2d 931 (1983); *cf. Johnson v. Overbay*, 85 Or App 576, 580-81, 737 P2d 1251 (1987) (by implication). If, as here, no judgment is entered before the court denies an ORCP 71 motion, we lack jurisdiction of an appeal taken from the denial of that motion.

■     We do, however, have jurisdiction over the order denying intervenors' motion to enter a judgment, based on the principle established in *Gillespie v. Kononen*, 310 Or 272, 274-79, 797 P2d 361 (1990). There, the Supreme Court held that we had jurisdiction under ORS 19.010(2)(a) of an appeal from an order denying a motion to enter a judgment, when the order established that the court would not enter a judgment. That is the case here. Under *Gillespie*, our jurisdiction extends to review of intermediate orders in the case, including the order allowing the peremptory writ of mandamus. *See id.* at 279. Hence, the parties can proceed to brief the case on the merits.

Jurisdiction determined; motion to dismiss denied.