On motion to dismiss, submitted on briefs January 25, appeal dismissed February 9, 1915.

## LECHER *v.* ST. JOHNS.

### (146 Pac. 87.)

**Appeal and Error—Orders Appealable—Overruling Demurrer to Complaint—"Final Order."**

1. An order overruling a demurrer to a complaint did not determine the suit, and was therefore not appealable, under Section 548, L. O. L., providing that an order affecting a substantial right, and which in effect determines the suit so as to prevent a decree therein, is final and may be reviewed on appeal.

   [As to what judgments and orders may be appealed from, see note in 20 Am. St. Rep. 173.]

**Appeal and Error—Notice of Appeal—Description of Order Appealed from.**

2. A demurrer to the complaint having been overruled July 23, 1914, and defendants electing not to answer, judgment was rendered

September 29th following. A notice of appeal was served September 8, 1914, and filed on September 22d, reciting that defendants would appeal from the judgment made and entered on the 23d day of July, 1914, in the Circuit Court of the State of Oregon for M. County and from every part and the whole thereof. *Held* that, since there were several departments of the Circuit Court of such county, the notice was insufficient in that it did not appear, without the aid of extrinsic evidence, that the appeal was attempted to be taken from a decree in a particular case.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by A. P. Lecher against the City of St. Johns, a municipal corporation, Albert E. Dunsmore, as recorder, and F. A. Rice, as treasurer. There was a judgment in favor of plaintiff and defendants appeal. Respondent files motion to dismiss the appeal.

Submitted on briefs without argument under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).                    APPEAL DISMISSED.

For the motion there was a brief by *Mr. George J. Perkins.*

There was brief against the motion by *Mr. Thad T. Parker.*

In Banc. Opinion by MR. CHIEF JUSTICE MOORE.

This is a motion to dismiss an appeal. The transcript filed in this court January 2, 1915, discloses that a demurrer to the complaint herein was overruled July 23, 1914, and the defendants were allowed five days within which to answer. Declining to take advantage of such privilege, and refusing further to plead, a decree was rendered against them September 29, 1914. A notice was served September 8, 1914, and filed on the 22d day of that month, which means of imparting information, omitting the title of the

court and cause, the signature of defendants' counsel, the acceptance of service, and the filing, reads:

"To A. P. Lecher, the Above-named Plaintiff:

"You are hereby notified that defendants will appeal to the Supreme Court of the State of Oregon from the judgment made and entered on the 23d day of July, 1914, in the Circuit Court for the State of Oregon for the county of Multnomah, and from every part and the whole thereof."

The court on October 24, 1914, upon motion of defendants' counsel made an order enlarging the time 30 days in which to perfect the appeal from the order of July 23, 1914, and on November 23d of that year made another order permitting the defendants to file an undertaking on appeal, pursuant to which a bond was filed December 18, 1914.

1. An order affecting a substantial right, and which in effect determines the suit, so as to prevent a decree therein, is final and may be reviewed on appeal: Section 548, L. O. L. The order of July 23, 1914, overruling the demurrer to the complaint, did not determine the suit, and for that reason was not final, and no appeal therefrom would lie: *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145); *Giant Powder Co.* v. *Oregon Western Ry. Co.,* 54 Or. 325 (101 Pac. 209, 103 Pac. 501).

2. An examination of the notice of appeal, as hereinbefore set forth, will show that it does not state the judgment undertaken to be reviewed was given in any particular action, though rendered at a specified time. As there are several departments of the Circuit Court of the State of Oregon for Multnomah County, we think the notice is insufficient. It does not by fair construction or reasonable intendment, and without the aid of other evidence than that afforded by the tran-

scription, conclusively establish the fact that the appeal is attempted to be taken from a decree in a particular case: *Hamilton* v. *Butler,* 33 Or. 370 (54 Pac. 200).

Jurisdiction of this cause was never secured, and for that reason.the appeal should be dismissed; and it is so ordered.                    APPEAL DISMISSED.

MR. JUSTICE EAKIN not sitting.