Appeal dismissed March 22; submitted on motion to vacate order
of dismissal April 4; motion denied May 9, 1939

# DURKHEIMER INVESTMENT CO. *v.* ZELL ET AL.

(90 P. (2d) 213)

In Banc.

*Maguire, Shields & Morrison,* of Portland, for the motion.

*Edward R. Harvey* and *Robert G. Smith,* both of Portland, opposed.

BAILEY, J. The plaintiff and appellant, Durkheimer Investment Company, an Oregon corporation, on November 22, 1938, filed its third amended complaint against the defendants and respondents, Harry A. Zell, Julius S. Zell and Zell Brothers & Co., in which complaint six causes of action are alleged. Thereafter the court granted the motion of the individual defendants to strike from that pleading the first, second, third and fourth alleged causes of action, "for the

reason that each of said causes of action" was a literal repetition "of the same cause of action alleged in plaintiff's second amended complaint herein, to which this court sustained a demurrer". Upon the plaintiff's refusal to plead further the court entered an order dismissing with prejudice the said four causes of action. From that order the plaintiff filed an appeal to this court.

On March 2, 1939, the respondents filed in this court a motion to dismiss the appeal, assigning as reasons therefor the following: (1) that the appeal is not from a final judgment, "but is an appeal from the order of the circuit court . . . striking four causes of action from plaintiff's third amended complaint"; and (2) that the action is still pending in the circuit court upon the fifth and sixth causes of action. The appellant made no resistance to the motion, and this court on March 22, after giving the matter due consideration, ordered the appeal dismissed, without written opinion.

Thereafter, on March 31, the appellant filed in this court a motion asking that the order dismissing the appeal be vacated, and that the appellant be permitted to file for the consideration of the court its answer to the respondents' motion to dismiss. The grounds assigned for such request are that on March 22 a stipulation was entered into between the appellant and the respondents extending to and including April 10, 1939, the time within which the appellant might file an answer to the motion to dismiss, and that the attorney handling the matter for the appellant inadvertently failed to procure an order of this court in accordance with the provisions of the stipulation.

■ There are two reasons why the appellant's motion to set aside the order dismissing the appeal should be

denied. First, Rule 23 of the supreme court grants "to the opposite party" ten days from the service of a motion upon such party, in which to file an answering paper. The stipulation in the instant case was not entered into until 21 days after the motion to dismiss was served upon the appellant and 20 days after it was filed in this court. No reason whatever for this delay is given. Second, the order attempted to be appealed from is not an appealable order.

Section 7-501, Oregon Code 1930, relating to appeals, is as follows: "A judgment or decree may be reviewed on appeal as prescribed in this chapter and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, . . . or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed on appeal, shall be deemed a judgment or decree." Section 7-512, Oregon Code 1930, provides that: "Upon an appeal, the appellate court may review any intermediate order involving the merits, or necessarily affecting the judgment or decree appealed from".

This court, in *Electrical Products Corporation v. Ziegler Drug Stores*, 157 Or. 267, 272, 68 P. (2d) 135, 71 P. (2d) 583, in referring to appealable orders, quoted with approval from *Winters v. Grimes*, 124 Or. 214, 264 P. 359, as follows:

"One of the tests in determining whether a judgment or decree is final is: 'If no further action of the court is required to dispose of the cause, it is final.' Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such

as are necessary to be determined in carrying it into effect, or is the judgment or decree 'one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?' ''

In *Hubbard v. Olsen-Roe Transfer Co.*, 101 Or. 168, 199 P. 187, parts of the first separate answer were stricken out and a demurrer to the second further and separate answer was sustained. From those orders the defendant appealed. In allowing the motion to dismiss the appeal, this court, after quoting the section now codified as § 7-501, *supra*, stated:

"According to this section, an order to be appealable must not only affect a substantial right but it must also in effect determine the action or suit, so as to prevent a judgment or decree therein. * * * Appeals are statutory in their nature. The judgment to be appealable must be substantially a final disposition of the action. It can not be, under our statute, that the instant a litigant becomes aggrieved at a decision of the trial court he can appeal to this court. It would lead to endless litigation, and rights of the parties would be decided by piece-meal, not only in the trial court but in the appellate court."

In the present instance, the order dismissing the first four causes of action after the same had been stricken from the plaintiff's third amended complaint was not a final disposition of the action. There still remained two causes of action to be determined.

Accompanying the appellant's motion to set aside the order dismissing the appeal is a brief supporting appellant's contention that the circuit court erred in sustaining a demurrer to those four separate causes of action. Thus the appellant would not only have us reinstate the appeal, but would have the sufficiency of those causes of action determined before trial of the remaining two causes of action. This would, as stated

by Mr. Chief Justice BURNETT in the case from which we have last above quoted, ''lead to endless litigation, and rights of the parties would be decided by piece-meal, not only in the trial court but in the appellate court.''

A somewhat analogous situation arose in *Abrahamson v. Northwestern Pulp & Paper Co.,* 141 Or. 339, 15 P. (2d) 472, 17 P. (2d) 1117, wherein there were eight defendants and the action was dismissed as to three of them. The plaintiffs appealed from the order of dismissal, and it was here argued by them that the order was final as to those three defendants. This court, however, held that the cause was still pending in the trial court against the other five defendants, and therefore the order of dismissal as to the three was not an appealable order.

In the case at bar the appellant argues that this court has not heretofore determined the precise question now presented, in that the order or judgment appealed from dismissed with prejudice four causes of action after the court had entered an order striking them from the third amended complaint. The appellant virtually concedes that the order striking the four causes of action was an interlocutory or intermediate one and that it could have been reviewed upon appeal from the final judgment disposing of the entire action, had the court not made a subsequent order dismissing those four causes.

The appellant's contention that the order of the trial court dismissing the causes of action with prejudice is reviewable as a final disposition of those causes finds support in the decision of the Washington supreme court in *Whitehead v. Stringer,* 106 Wash. 501, 180 P. 486, 5 A. L. R. 358, in which case the trial court sustained a demurrer to one of two causes of action, and upon the failure of the plaintiff to plead further,

entered an order dismissing with prejudice the cause of action against which the demurrer had been sustained. The appellate court decided that the order dismissing the cause of action was not interlocutory, but a final judgment from which an appeal might be taken, and proceeded to determine the sufficiency of the allegations of the cause of action to which the demurrer had been sustained.

In the later case of *Pelly v. Behneman,* 168 Wash. 465, 12 P. (2d) 422, the answer contained an affirmative defense and cross-complaint in the nature of a counter-claim "relating to or alleged to have grown out of the transaction upon which the cause of action alleged in the complaint arose." To this affirmative defense the trial court sustained a demurrer, and upon the defendant's refusing to plead over the court entered a judgment dismissing with prejudice the cross-complaint and counter-claim. From this judgment the defendant appealed. It was held that the correct procedure for the trial court to follow would have been to enter no order other than that sustaining the demurrer. In denying the motion to dismiss the appeal, the court stated:

"The question of whether or not the trial court was correct in its conclusion that the demurrer should have been sustained, is not before us. The only question to be decided is whether the judgment dismissing the appellant's affirmative defense and cross-complaint with prejudice was prematurely entered. We hold that it was, and that its effect was to compel appellant to appeal, if she would protect her right to have the merits of the ruling inquired into at the proper time. The ruling complained of, in effect, requires appellant to appeal piece by piece. In Freeman v. Ambrose, 12 Wash. 1, 40 Pac. 381, the court said: 'We think it against the policy of the law to give the act a construction that would multiply appeals and permit litigants to bring their causes here piece-meal, . . . .' "

Without passing upon the sufficiency of the cross-complaint and counter-claim, the appellate court reversed the judgment appealed from, which had dismissed that defense with prejudice. In refusing to decide whether the trial court erred in sustaining the demurrer to the cross-complaint and counter-claim, the Washington supreme court departed from the procedure it had followed in *Whitehead v. Stringer*, supra.

■ ■ In the instant case the trial court should have entered no order other than that striking the four separate causes of action from the third amended complaint. The order or judgment dismissing with prejudice those causes of action was prematurely made. The code contemplates only one judgment in an action at law, which judgment is the final determination of the rights of the parties in the action: § 2-901, Oregon Code 1930.

■ The order from which the plaintiff attempted to appeal to this court was, in effect, regardless of the words used, an intermediate order, from which no appeal would lie. If an appeal therefrom were to be entertained by this court, the most that could be accomplished thereby would be to reverse the order of the trial court dismissing four of the six causes of action, as was done in *Pelly v. Behneman*, supra, and remand the matter to the circuit court to await the final determination of the action. No good purpose would be served by such a procedure. It is the better practice to treat all such orders, entered during the progress of the trial, as intermediate or interlocutory, reviewable on appeal from the final judgment in the action.

It follows that the appeal herein attempted was properly dismissed, and the present motion is denied.