Argued November 5, appeal dismissed November 29, 1974

# UNION OIL COMPANY OF CALIFORNIA, *Respondent, v.* LINN-BENTON DISTRIBUTING CO., *Defendant,* and GOLD COAST TRUCKING, INC., *Appellant.*

528 P2d 520

*Carlton W. Hodges* of Bernard, Hurley, Hodges & Kneeland, Portland, argued the cause and filed briefs for appellant.

*Robert M. Gordon,* Corvallis, argued the cause and filed a brief for respondent.

Before McAllister, Presiding Justice, and Holman, Tongue, Howell, Bryson, and Sloper, Justices.

BRYSON, J.

On January 10, 1974, plaintiff filed its complaint against Linn-Benton Distributing Co. (the named credit card holder) and Gold Coast Trucking, Inc., hereinafter Gold Coast (an alleged authorized user of the credit card issued by plaintiff to Linn-Benton Distributing Co.). Service of summons was made upon both defendants on January 10, 1974.

On April 9, 1974, the defendant Linn-Benton Distributing Co. filed its answer, a general denial.

On April 15, 1974, plaintiff filed a motion for default against Gold Coast when Gold Coast failed to file a responsive pleading and to make an appearance at the designated time and place. On April 16, 1974, the trial court entered an order of default against Gold Coast.

On April 26, 1974, ten days after the order of default, Gold Coast filed its motion, accompanied by affidavit, to set aside the order of default because of mistake, inadvertence and excusable neglect, ORS 18.-160, together with a demurrer that the complaint did not state facts constituting a cause of action against Gold Coast. ORS 18.140 (1), 16.260 (6). The clerk

did not file the demurrer because the order of default had been entered.

On May 8, 1974, the trial court entered its order denying Gold Coast's motion. On May 16, 1974, Gold Coast filed its notice of appeal from the order of the trial court denying Gold Coast's motion to set aside the order of default.

■ No judgment was entered against either defendant nor did plaintiff make an application therefor. No motion to dismiss this appeal was made by plaintiff. Neither party raises the issue of the finality of the trial court's order and this court's jurisdiction on appeal in their briefs. However, where such error, jurisdiction, is apparent on the face of the record, we are entitled to dismiss an appeal on our own motion. *Unemployment Comp. Com. v. Bates,* 227 Or 357, 363, 362 P2d 321 (1961); *Thornburg v. Gutridge,* 46 Or 286, 286-87, 80 P 100 (1905).

■ The threshold question then is whether Gold Coast may prosecute an appeal from the trial court's order denying Gold Coast's motion to set aside the order of default when the original action has not yet been pursued to final judgment.

ORS 19.010 states:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"* * * * *"

Since the record in this case shows that defendant has attempted to file a demurrer and the face of the pleadings indicates that plaintiff must at least offer proof to establish a prima facie case against Gold Coast, we are not certain that final judgment will be entered. Further, no judgment has been entered against the other defendant, Linn-Benton Distributing Co., as it filed a general denial to the complaint. *See Martin v. City of Ashland et al,* 233 Or 512, 378 P2d 711 (1963); and *Dlouhy v. Simpson Timber Co.,* 247 Or 571, 431 P2d 846 (1967). Accordingly, the order appealed from is an intermediate order and does not fall within the definition of ORS 19.010 (2). Since the right to appeal from the order in the instant case is statutory, Gold Coast is without standing to appeal. *See Lovell et al v. Potts et al,* 112 Or 538, 541-42, 207 P 1006, 226 P 1111 (1924); *cf. Unemployment Comp. Com. v. Bates, supra* at 361-62.

■ Although the case at bar is distinguishable from cases involving the right to appeal from orders denying or sustaining motions to set aside a judgment by default made under ORS 18.160, we find the reasoning of those cases to be appropriate and applicable to the resolution of the issue.

"* * * Such an order [setting aside a judgment] is not final because after the judgment is set aside the controversy can be litigated and the outcome is uncertain. Efficient judicial administration also requires that such orders should not be appealable. * * *" *Wershow v. McVeety Machinery,* 263 Or 97, 99, 500 P2d 696 (1972).

The proper procedure is to await a final determina-

tion and entry of judgment and then appeal from the final judgment, not the intermediate order. *Walker v. Clyde et ux,* 206 Or 322, 324, 292 P2d 1083 (1956); ORS 19.140. *See, e.g., McFarlane v. McFarlane,* 45 Or 360, 77 P 837 (1904).

■ As stated, the present controversy is yet unsettled and the outcome uncertain. *See* Annot., 8 ALR3d 1272, 1278 and n. 5 (1966); 108 ALR 225, 234 (1937) for other jurisdictions holding that orders refusing to set aside an order of default when no judgment has been entered are not final and not appealable. A mere order of default alone is not an order which disposes of the case with finality. *See Cockrum v. Graham,* 143 Or 233, 246-47, 21 P2d 1084 (1933).

We are not unmindful that this matter, after judgment, could well be before the court with the same issue. But to enforce a rule under one circumstance and to deny enforcement of the rule and accept jurisdiction of appeal at another time is the equivalent of no rule for the trial bench and bar to follow.

For reasons stated above, we hold the order appealed from is not an appealable order and the appeal is hereby dismissed.