Submitted on briefs December 12,
appeal dismissed December 31, 1975

## GREEN, *Appellant, v.* LILLY ENTERPRISES, INC., *Respondent.*

544 P2d 169

*Glenn D. Ramirez* of Ramirez & Kalar, Klamath Falls, for appellant.

*Dale Pierson* of Goodenough & Pierson, Salem, for respondent.

PER CURIAM.

On March 12, 1975, plaintiff obtained judgment against defendant in the district court for Klamath County. On March 14, 1975, defendant filed its notice of appeal to the circuit court and its undertaking.[1] On March 18, 1975, plaintiff filed a request for justification of sureties. On April 10, 1975, the district court disallowed defendant's undertaking and granted defendant five days "to post a sufficient bond." On April 15, 1975, the defendant complied with this order and filed a sufficient undertaking. On April 22, 1975, the district court issued its order allowing defendant's appeal to the circuit court. The transcript, including the new undertaking, was filed in the circuit court on May 2, 1975.

Plaintiff then moved, in the circuit court, to dismiss defendant's appeal. The circuit court's order denied the motion to dismiss, and plaintiff appeals to this court.

The threshold question is whether plaintiff may prosecute an appeal to this court from the circuit court's order which denied plaintiff's motion to dismiss the appeal from the district court. The case has not been pursued to final judgment in the circuit court.

ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.

"(2) For the purpose of being reviewed on

---

[1] ORS 53.120 provides:

"An appeal cannot be dismissed on the motion of the respondent on account of the undertaking therefor being defective, if the appellant before the determination of the motion to dismiss will execute a sufficient undertaking and file it in the appellate court, upon such terms as may be deemed just."

appeal the following shall be deemed a judgment or decree:

"(a)  An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b)  An interlocutory decree in a suit * * *.

"(c)  A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d)  An order setting aside a judgment and granting a new trial.

"* * * * * *."

■ An order denying a motion to dismiss is not final and does not fall within any of the provisions of ORS 19.010. Since the right to appeal from the order in the instant case is statutory, plaintiff is without standing to appeal. *Unemployment Comp. Com. v. Bates,* 227 Or 357, 363, 362 P2d 321 (1961); *Union Oil Co. v. Linn-Benton Dist. Co.,* 270 Or 588, 528 P2d 520 (1974). *See also Wershow v. McVeety Machinery,* 263 Or 97, 99, 500 P2d 696 (1972).

■ It is obvious that the order denying the motion to dismiss the appeal is an intermediate order and does not terminate the action between the parties. In *Ter Har v. Backus,* 256 Or 288, 293, 473 P2d 143 (1970), this court stated:

"* * * We are opposed, however, to interlocutory appeals and in the future will require that appeals be taken only from a final judgment."

Here the appeal does not fall within the statutory provisions of ORS 19.010 and there is no final judgment.

■ We realize that no motion has been filed to dismiss this appeal. However, we have held that it is our duty to dismiss such appeals on our own motion. *Ter*

*Har v. Backus, supra* at 292; *Union Oil Co. v. Linn-Benton Dist. Co., supra* at 590.

The appeal is dismissed.