Argued and submitted June 3, affirmed September 10, 1980

CENCI,
*Plaintiff,*
*v.*
THE ELLISON COMPANY,
*Petitioner,*
*and*
SCHERMERHORN,
*Respondent.*

(CA 16255, SC 26824)

617 P2d 254

George Gregores, Portland, argued the cause and filed a brief for petitioner.

Elizabeth K. Reeve, Portland, argued the cause for respondent.

Before Denecke, Chief Justice, and Howell, Lent, Linde, Peterson and Tanzer, Judges.

HOWELL, J.

---

* Appeal from Circuit Court, Multnomah County (A7806-10186) William M. Dale, Judge.

## HOWELL, J.

The defendant The Ellison Company's appeal to the Court of Appeals was dismissed on motion of its co-defendant Schermerhorn. We granted review.

The parties to this appeal, The Ellison Company (hereinafter "Ellison") and Schermerhorn, were co-defendants in an action which resulted in a directed verdict for defendants. A remaining issue, however, was Ellison's cross-claim against Schermerhorn for attorney fees incurred in defending the action. Schermerhorn's motion for summary judgment on the cross-claim was allowed. Ellison's appeal to the Court of Appeals was dismissed for the reason that the order allowing the motion was not an appealable order. We granted review to determine whether an order allowing a motion for summary judgment is an appealable order.

The order of the trial judge, entered on November 9, 1979, stated in pertinent part:[1]

> "It is further ORDERED that Defendant Schermerhorn's Motion for Summary Judgment on Defendant The Ellison Company's Cross-Claim is allowed and that Defendant The Ellison Company's cross Motion for Partial Summary Judgment is denied."

The order of November 9 which simply allowed a motion for summary judgment was not an appealable order.

A "motion" is defined as "an application for an order." Oregon Rules of Civil Procedure Rule 14A. A "judgment" is the final determination of the rights of

---

[1] After the November 9, 1979 order was entered, the trial court entered a "judgment order" on November 23, 1979, which ordered that Ellison take nothing on its cross-claim against Schermerhorn and that "execution issue on the judgment in favor of defendant Lee Schermerhorn." Ellison also filed a notice of appeal from that order. The Court of Appeals dismissed both appeals as untimely. Schermerhorn does not seek review of the dismissal of the appeal from the November 23, 1979 "judgment order."

the parties in an action or proceeding, ORS 18.010(1).[2] Other determinations in an action that are intermediate in nature are called orders, ORS 18.010(2).[3]

For purposes of appeals from orders, judgments or decrees, ORS 19.010 states:

"(1)   A judgment or decree may be reviewed upon appeal * * *.

"(2)   For the purpose of being reviewed upon appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * * *"

Ellison contends that the order allowing the motion for summary judgment is appealable because it affected a substantial right and, in effect, determined the action so as to prevent a judgment. ORS 19.010(2)(a). We have recently discussed ORS 19.010 in *Ragnone v. Portland School Dist. No. 1,* 289 Or 339, 613 P2d 1052 (1980). We pointed out that ORS 19.010 specifies that it is a judgment or decree which may be reviewed on appeal, and that certain kinds of orders are "deemed" to be judgments or decrees for purposes of review on appeal, i.e., orders affecting a substantial right and which have the effect of determining the action or suit *"so as to prevent a judgment or decree therein."* We stated that the order in *Ragnone,* which allowed a motion for judgment notwithstanding the verdict, did not prevent a judgment, "but rather paves the way for one." The same reasoning applies in the instant case. When the court by order granted the ' defendant's motion for a summary judgment, the order did not *prevent* the entry of a judgment; it "paved" the

---

[2] "Judgments" and "decrees" were distinguished and defined in *Hall et ux v. Pettibone et al,* 182 Or 334, 337, 187 P2d 166 (1947), as: "* * * the jural instrument which terminates an action is deemed a judgment and that which ends a suit is a decree."

[3] An "order" is generally a direction of the court preliminary and incidental to final determination.

way for one. Until an actual judgment was entered the action was not concluded. Moreover, an execution could not have been issued upon the order because a writ of execution is issued to "the party in whose favor a judgment is given," ORS 23.030, and the writ must "substantially describe the judgment," ORS 23.050.

Ellison does not contend that the order allowing the motion for summary judgment is a "judgment," but contends that distinguishing between the order allowing the motion for summary judgment and the "judgment order" later entered by the trial court is "unrealistic and hypertechnical." The distinction between an "order" and a "judgment" is one of finality. *Union Oil Co. v. Linn-Benton Dist. Co.,* 270 Or 588, 591-92, 528 P2d 520 (1974); *Cockrum v. Graham,* 143 Or 233, 242-47, 21 P2d 1084 (1933). In the instant case, the order allowing a motion for summary judgment cannot be considered a "judgment" because it did not contain "all of the necessary recitals which, with finality, disposes of the cause." *Cockrum v. Graham, supra* at 246-47. The "order" Ellison appeals from only allowed Schermerhorn's motion for summary judgment on Ellison's cross-claim. The "judgment order" entered by the trial court several days later contained the necessary recitals of a judgment, i.e., that Ellison take nothing from its cross-claim against Schermerhorn and that execution issue on the judgment in favor of Schermerhorn.

Because the Ellison appeal was neither from a judgment nor from an order determining the action "so as to prevent a judgment or decree therein," the appeal was properly dismissed.[4]

Affirmed.

---

[4] Ellison's additional argument is that to dismiss the appeal would be a "hypertechnical" construction of a notice of appeal. The majority of this court held to the contrary in *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978).