Argued and submitted January 6, remanded February 4, 1981

MILLER,
*Petitioner,*
*v.*
GRANTS PASS IRRIGATION DISTRICT et al,
*Respondents.*

MILLER,
*Petitioner,*
*v.*
GRANTS PASS IRRIGATION DISTRICT et al,
*Respondents.*

(CA 14444, SC 27051)

622 P2d 729

James C. Waggoner, Portland, argued the cause for petitioners. With him on the briefs were Gary M. Georgeff, Lloyd B. Ericsson, and Martin, Bischoff, Templeton, Biggs and Ericsson, Portland.

John Eads, Medford, argued the cause for respondent Grants Pass Irrigation District. With him on the brief were William V. Deatherage, of Frohnmayer & Deatherage, Medford.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for respondent State of Oregon. With him

on the brief were James A. Redden, Attorney General, and Richard L. Caswell, Assistant Attorney General, Salem.

## MEMORANDUM OPINION.

The Court of Appeals published an opinion in support of its decision in favor of defendants. *Miller v. Grants Pass Irrigation,* 45 Or App 823, 609 P2d 859 (1980). Plaintiffs petitioned for review, ORS 2.520, and we allowed the petition, 290 Or 171 (1980).

On the morning of oral argument on January 6, 1981, defendant State of Oregon filed a written motion for an order "dismissing the appeal" on the ground that the plaintiffs had appealed from a non-appealable order of the circuit court. This motion was made pursuant to Rule 9.10, Rules of Appellate Procedure, which provides in pertinent part:

"However, a party may challenge the jurisdiction of the appellate court under Oregon statute or otherwise by motion made at any time during the appellate process."

At oral argument, defendant Grants Pass Irrigation District orally made a like motion.

It appeared from the record that the plaintiffs had attempted to appeal to the Court of Appeals from an order granting a motion for summary judgment rather than from a judgment. Defendants cited *Cenci v. The Ellison Company,* 289 Or 603, 617 P2d 254 (1980), and *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978), in support of their motions.

We allowed plaintiffs an opportunity to brief the question of jurisdiction. They have informed us that they agree that the order allowing the motion for summary judgment was not an appealable order and concede that "the appeal should be dismissed, [and] the opinion of the Court of Appeals vacated."

The Court of Appeals has jurisdiction of all appeals, ORS 2.516. Since all parties and this court are agreed that plaintiffs had attempted to appeal from a non-appealable order, it follows that the Court of Appeals had no jurisdiction to decide the case. *Ragnone v. Portland School District No. 1J,* 289 Or 339, 613 P2d 1052 (1980). There is nothing, therefore, upon which we can exercise our power to review decisions of the Court of Appeals under ORS 2.520, and we express no opinion concerning the merits.

We order that this matter be remanded to the Court of Appeals to vacate its decision and to dismiss the appeal as to each plaintiff.[1]

---

[1] On the record made in this case, we have had no occasion to decide whether jurisdiction of this court is assailable under Rule 9.10, Rules of Appellate Procedure.