On petition for reconsideration filed February 8, of order dismissing appeal filed January 8, petition for reconsideration allowed; dismissal affirmed December 19, 1990, reconsideration denied April 5, petition for review allowed April 12, 1991 (311 Or 266)
See later issue Oregon Reports

Robert H. BAUGH,
Nick N. Westlund, William P. Dorsey
and Jean Patterson, as Executrix of the
Estate of Harlan W. Patterson, individually,
*Appellants - Cross-Respondents,*

*and*

DOES ONE through THIRTY,
*Appellants,*

*v.*

BRYANT LIMITED PARTNERSHIPS I through XV,
David L. Bryant, Hillshire Trusts I through XV
and Does One through Forty-five,
*Respondents - Cross-Appellants,*

*and*

PACIFIC NORTHWEST TRUST CO.,
*Respondent.*

(86-1-357; CA A48114)

803 P2d 742

John C. Caldwell, and Hibbard, Caldwell, Bowerman & Schultz, Oregon City, for petition.

David C. Force, and Vick & Gutzler, Salem, appeared *contra*.

JOSEPH, C. J.

Buttler, J., concurring.

Rossman, J., dissenting.

**JOSEPH, C. J.**

Plaintiffs Baugh, Westlund, Dorsey and Patterson petition for reconsideration of an order dismissing their appeal for failure to file a timely notice of appeal from an amended judgment entered pursuant to ORS 19.033(4).

We determined that the original appeal and cross-appeal in this case were defective, because the judgment from which the appeal was taken did not dispose of certain counterclaims asserted by defendants in their answer to plaintiffs' complaint. 98 Or App 419, 779 P2d 1071 (1989). Instead of dismissing the appeal for lack of a final judgment, we gave the trial court leave to enter an appealable judgment, pursuant to ORS 19.033(4).[1] We also said:

"The case will be held in abeyance until the entry of an appealable judgment and until the parties thereafter file amended notices of appeal and cross-appeal. If they do not do so within 45 days of the entry of an appealable judgment, we will dismiss the appeal or cross-appeal for want of prosecution." 98 Or App at 426.

In due course, the trial court entered an amended ORCP 67B judgment. Plaintiffs then filed an amended notice of appeal, and defendants filed an amended notice of cross-appeal. The notices were filed more than 30 days but within 45 days after entry of the amended judgment. We dismissed the appeal and cross-appeal on the ground that the notices were filed untimely.[2] Plaintiffs petition for review of that decision.

In the petition, which we treat as a petition for reconsideration, ORAP 9.15(1), plaintiffs contend that ORS

---

[1] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a) At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b) The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

[2] Subject to exceptions not relevant here, ORS 19.026 requires that a notice of appeal be filed within 30 days after entry in the register of the judgment being appealed.

19.033(4)' does not require the filing of a notice of appeal after entry of a judgment under it and that, therefore, this court cannot dismiss an appeal for lack of jurisdiction when a party fails to file a notice after entry of the amended judgment. They also contend that, because the order (quoted above) gave them 45 days in which to file an amended notice of appeal, their appeal should not be dismissed, because they filed their amended notice of appeal within that time. Last, plaintiffs contend that the amended judgment and amended notice of appeal should relate back to the time of the original judgment and notice of appeal.

■　　Plaintiffs misconstrue the nature of the authority given by ORS 19.033(4). Subject to exceptions not relevant here, ORS 19.010 means that an appeal can be taken *only* from a *final* judgment.

> "* * * ORS 19.010(2)(e) * * * [is] not ambiguous and * * * under [its] provisions this court has no appellate *jurisdiction* [if] the trial court made no adjudication of the judgment's finality for appellate purposes." *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 381, 591 P2d 352 (1979). (Emphasis supplied.)[3]

---

[3] The quoted language from *Industrial Leasing Corp.* did not establish a new principle of Oregon appellate jurisdiction law. In *Abrahamson v. Northwestern P. & P. Co.,* 141 Or 339, 342, 346, 15 P2d 472 (1933), the court said:

> "If the order of the trial court is not appealable, this court is without jurisdiction to determine the cause upon the merits. * * * The appeal will be dismissed."

Earlier, in *Sears v. Dunbar,* 50 Or 36, 37, 91 P 145 (1907), the court said, regarding an appeal from an order denying a motion to dismiss the complaint:

> "[P]laintiff filed a motion here to dismiss the appeal for the reason that the order appealed from is not a final order, nor one from which an appeal will lie. Dismissed."

Similarly, in *Lecher v. St. Johns,* 74 Or 558, 561, 146 P 87 (1915), regarding an attempted appeal from an order overruling a demurrer, the court said:

> "Jurisdiction of this cause was never secured, and for that reason the appeal should be dismissed * * *."

The court has reiterated the principle in several contexts since *Industrial Leasing Corp.:*

*Ragnone v. Portland School Dist. No. 1J,* 289 Or 339, 345, 613 P2d 1052 (1980) (in an appeal from an order allowing judgment *n.o.v.*):

> "We order that this matter be remanded to the Court of Appeals to dismiss the instant appeal for want of jurisdiction."

*Miller v. Grants Pass Irrigation,* 290 Or 487, 489, 622 P2d 729 (1981):

> "Since all parties and this court are agreed that plaintiffs had attempted to appeal from a non-appealable order, it follows that the Court of Appeals had no

ORS 19.033(1) provides that, when a notice of appeal is filed, the appellate court has "jurisdiction of the cause." A dilemma arises when a notice of appeal is filed from a nonfinal judgment. Historically, an attempt to appeal from a nonfinal judgment could result *only* in an order of dismissal for want of jurisdiction. *See, e.g., Oregonians Against Trapping v. Martin,* 72 Or App 210, 695 P2d 932 (1985), and cases cited in note 3, *supra.* ORS 19.033(4) was enacted to avoid the need to dismiss a premature appeal in order to give the trial court the power to enter an appealable judgment, authority that the trial court lost under ORS 19.033(1) by the mere fact that a notice of appeal had been filed. However, ORS 19.033(4) does not create jurisdiction in the appellate court to decide the merits of an appeal. It only confers authority on this court to give the trial court authority to enter an appealable judgment. If a trial court never enters a judgment pursuant to leave under ORS 19.033(4), this court would have to dismiss the original appeal for lack of jurisdiction, because no final judgment had ever existed from which an appeal could be taken.

In *Honeyman v. Clostermann,* 90 Or App 615, 753 P2d 1384 (1988), the defendants appealed from a judgment disposing of the plaintiffs' claims against them. The judgment did not dispose of the plaintiffs' claims against another defendant, Spassov. We determined that, in fact, the trial court had ruled on all claims, including those against Spassov, and that the

---

jurisdiction to decide the case."

*Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983):

"[The order being appealed] is neither a judgment nor decree, ORS 19.010(1), nor an order described in ORS 19.010(2) * * *. This appeal must be dismissed on our own motion for want of appellate jurisdiction."

*Goeddertz v. Parcher,* 299 Or 277, 280, 701 P2d 781 (1985):

"Neither document is a judgment or decree, ORS 19.010(1), nor the kind of order described in ORS 19.010(2), which is treated as a judgment or decree for the purpose of being reviewed on appeal. * * * This appeal must be dismissed on our own motion for want of appellate jurisdiction."

Anyone who still thinks the dissent has any basis in precedent, except *Honeyman v. Clostermann, supra,* may want to look at:

*Durkheimer Inv. Co. v. Zell,* 161 Or 434, 90 P2d 213 (1939); *Union Oil Co. of Calif. v. Linn-Benton Distrib. Co.,* 270 Or 588, 528 P2d 520 (1974); *Green v. Lilly Enterprises, Inc.,* 273 Or 952, 544 P2d 169 (1975); *Moran v. Lewis,* 274 Or 631, 547 P2d 627 (1976); *Johnson v. Assured Employment,* 277 Or 11, 558 P2d 228 (1977); *J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979); *Cenci v. The Ellison Co.,* 289 Or 603, 617 P2d 254 (1980); *Mangus v. Progress Quarries,* 290 Or 377, 622 P2d 319 (1981).

judgment being appealed failed to reflect the full disposition of the case. Accordingly, we gave the trial court leave under ORS 19.033(4) to enter a "corrected judgment." Our order required the filing of an amended notice of appeal within 14 days after entry of that judgment. After a number of extensions of time, we fixed June 27, 1986, as the date that an amended notice of appeal would be due. The trial court entered the corrected judgment on May 29, 1986. The Clostermanns and Spassov filed separate notices of appeal from that judgment on July 1, 1986. We determined that Spassov's notice of appeal was untimely and that, therefore, this court lacked jurisdiction over his appeal. *Honeyman v. Clostermann,* 90 Or App at 619 n 4. However, we also concluded that the appeal could go forward as to the Clostermanns, because their original notice of appeal was filed timely with respect to the part of the judgment that affected them and conferred jurisdiction on this court:

> "We conclude, first, that failure to file a notice of appeal within 30 days after entry of the corrected judgment does not deprive [this court] of jurisdiction. We obtained jurisdiction when defendants [Clostermann] timely appealed from the first judgment. Our remand to the trial court with leave to enter a corrected judgment pursuant to ORS 19.033(4) did not affect our jurisdiction. *See Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986) [which was decided before the enactment of ORS 19.033(4)]." 90 Or App at 619.

■ The petition for reconsideration has caused us to reassess that holding, and we now overrule it. In *Ellis v. Roberts,* 302 Or 6, 725 P2d 886 (1986), the Supreme Court was confronted with a notice of appeal filed after the judgment disposing of the case had been signed but before it had been entered in the register. The court noted the anomalous situation that a prematurely filed notice of appeal creates: It deprives the trial court of jurisdiction to proceed, yet it does not confer jurisdiction on the appellate court to decide the appeal.[4] In that case, as in the case at bar and in *Honeyman v.*

---

[4]    "This court has recognized that the pendency of an appeal deprives a trial court of authority to make substantive rulings, *Nickerson and Nickerson,* 296 Or 516, 522-23, 678 P2d 730 (1984), and the Court of Appeals has long held that, in cases like the present one, filing a notice of appeal divests a trial court of jurisdiction subsequently to enter a judgment — *see, e.g., Murray Well-Drilling v. Deisch,*

*Clostermann, supra,* leave was given under ORS 19.033(4) for entry of judgment. Unlike in the case at bar, and unlike in *Honeyman,* the appellants in *Ellis* timely filed a notice of appeal after entry of the new judgment. That is a critical difference, because the act of giving leave under ORS 19.033(4) does not have any effect on the jurisdiction of the appellate court if jurisdiction to decide the case did not previously exist; it merely obviates the necessity of a dismissal in order to get the case back to the trial court. Jurisdiction can be obtained with respect to a judgment entered pursuant to ORS 19.033(4) *only* in the same way that it can be obtained with respect to any other judgment: by the timely filing of a notice of appeal from a final judgment.[5] *See Industrial Leasing Corp. v. Van Dyke, supra.*

Since ORS 19.033(4) was enacted, orders giving leave for entry of a judgment have stated a time by which an amended notice of appeal is to be filed.[6] The purpose of doing that does not reflect a jurisdictional concern. It is a case management tool. Initially, the period of time allowed was short, as reflected in the *Honeyman* order that required the filing of an amended notice of appeal within 14 days. That short a period resulted in parties having to move for extensions of time to file the amended notice of appeal. *Honeyman* is also an example of that. The more recent practice has been to state a period of 45 days *from the date of the order giving leave under ORS 19.033(4).* However, regardless of the amount of time specified, failure to file an amended notice of appeal within the prescribed number of days will result in this court's dismissing the appeal for *lack of prosecution,* pursuant to ORS 19.033(3);

---

75 Or App 1, 704 P2d 1159 (1985). It follows that plaintiffs' appeal of August 25 was not taken from a judgment or other final order, ORS 19.010, but did serve to oust the trial court of jurisdiction so that the actual entering of the judgment on August 28 was ineffectual and the subsequent, September 5, appeal was also premature. There was, as yet no final, appealable judgment in this case." 302 Or at 9.

[5] It is elementary that a court always has "jurisdiction" to determine whether it has "jurisdiction" to decide a case; it is also elementary that this court does not have "jurisdiction" to decide the correctness of a judgment, if the judgment is not brought to it. The dissent does not recognize, or at least does not apply, that distinction.

[6] There is nothing special about labeling the document an "amended notice of appeal." "Notice of appeal" or "supplemental notice of appeal" would serve the same function. Labeling the document only distinguishes it from the earlier filed notice of appeal in the same case.

it has no bearing on a party's need to comply with the statutory period for filing a notice of appeal under ORS 19.023.

The order in this case said that the parties would have 45 days *from the date of entry of the amended judgment* to file amended notices and cross-notices of appeal, rather than 45 days from the date of the order. The phraseology apparently led appellants to assume that a notice of appeal would not need to be filed within the 30-day period in ORS 19.023. The order also said that failure to file the notice or cross-notice of appeal within the 45-day period would result in a dismissal for *lack of prosecution.* Even though the order said that the parties would have 45 days after entry of a new judgment to file their respective notices (and even though *Honeyman v. Clostermann, supra,* permitted the filing of an amended notice of appeal more than 30 days after the entry of a judgment under ORS 19.033(4)), this court has no authority to waive a jurisdictional requirement. ORS 19.033(2). Therefore, we allow the petition for reconsideration but affirm the order of dismissal.

Petition for reconsideration allowed; dismissal affirmed.

**BUTTLER, J.,** concurring.

If we were writing on a clean slate, I would agree entirely with the disposition of the lead opinion. However, we are not, and that is the reason why this case is before us.

I believe that ORS 19.033(4) was intended to have a very limited purpose: to permit this court to obviate the necessity of dismissing an appeal from a nonfinal judgment by permitting the court to grant leave to the trial court to enter an appealable judgment under the circumstances set forth in subsections (a) and (b) of the statute. On its face, that is all that the statute permits. However, it does not say what happens or what must be done after a new, appealable judgment is entered by the trial court. It seems clear, however, that the case remains pending in this court, unless and until we dismiss it for want of jurisdiction.

A very broad reading of the statute would be that, once an appealable judgment has been entered by the trial court, if the appellant files that judgment with this court, we could proceed to decide the merits of the case. Certainly, the

legislature could specifically so provide, and we *could* interpret the statute that way, although we never have. That interpretation, which the dissent *almost* adopts, is not viable, because the only notice of appeal would be from a nonappealable judgment. The dissent apparently would hold that, although a new notice of appeal is necessary, it need not be filed within any particular time, 104 Or App at 669, although the appeal might be dismissed for want of prosecution if it is not filed within the time that this court has specified.

What we have done is what we did first in this case and in *Honeyman v. Clostermann,* 90 Or App 615, 753 P2d 1384, *rev den* 306 Or 527 (1988), that is, authorized the appellant to file a notice of appeal from the new judgment more than 30 days after it is entered. As the lead opinion acknowledges, we have also ordered that the notice of appeal from the new judgment be filed less than the 30 days permitted by statute.

I agree with the lead opinion that we had no authority to do those things. Yet, in *Honeyman v. Clostermann, supra,* we had ordered that the notice of appeal be filed within 14 days after the entry of the new, appealable judgment and had later extended that time limit. Ultimately, the notice of appeal was filed more than 30 days after the new judgment was entered. We held:

> "We conclude, first, that failure to file a notice of appeal within 30 days after entry of the corrected judgment does not deprive us of jurisdiction. We obtained jurisdiction when defendants timely appealed from the first judgment. Our remand to the trial court with leave to enter a corrected judgment pursuant to ORS 19.033(4) did not affect our jurisdiction. *See Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986)." 90 Or App at 619.

I do not believe that ORS 19.033(4) can reasonably be interpreted to permit this court to extend or shorten the time for filing a notice of appeal. Neither do I think that it could be reasonably interpreted to mean that, when a new, final judgment is entered and filed with this court, we could proceed to decide the merits. Although that was done in *Clostermann,* we assumed that a new notice of appeal was necessary but that we had discretion to fix the time for filing it. It was on that basis

that we proceeded to decide the case on the merits. I agree that *Clostermann* was wrong and should be overruled.

However, *Clostermann* is the law until it is overruled. Neither the Supreme Court nor the legislature has done anything about it, and there is no reason why we may not adhere to it in disposing of this case. Appellant reasonably relied on our order, which clearly was supported by *Clostermann*. Rather than dismiss this appeal, I would prefer to hold that our decision in this case is to apply prospectively only. Because a majority of the court does not agree with that disposition, I join in the lead opinion.

Newman and Riggs, JJ., join in this opinion.

**ROSSMAN, J.,** dissenting.

I dissent. This court's jurisdiction is not capricious; it cannot be lost at the drop of a hat. Once it vests, it can only be dislodged by the clear statutory direction of ORS 19.033(6). Moreover, plaintiffs find themselves in their present position because they relied on our specific instructions to them. Under the circumstances, I am disturbed that the lead opinion leaves them hanging in the wind.

According to the lead opinion, an appellate court has jurisdiction over a cause when a notice of appeal is filed. However, under ORS 19.010, an appeal may be taken only from a final judgment. 104 Or App at 668. Citing *Ellis v. Roberts*, 302 Or 6, 725 P2d 886 (1986), it reasons that a premature notice of appeal "deprives the trial court of jurisdiction to proceed, yet * * * does not confer jurisdiction on the appellate court to decide the appeal."[1] 104 Or App at 670. It concludes that ORS 19.033(4) does not create jurisdiction in an appellate court where none previously existed and, therefore, plaintiffs' failure here to file an amended appeal within

---

[1] In *Ellis v. Roberts, supra,* the Supreme Court was confronted with a notice of appeal filed after the judgment disposing of the case had been signed but before it had been entered in the register. The court noted the anomalous situation that a prematurely filed notice of appeal creates, by depriving the trial court of the jurisdiction to proceed to enter an appealable judgment. However, whether the notice of appeal is premature or is from a nonappealable judgment, neither brings before the court issues which can be *decided. See, infra.* The lack of reviewability does not affect the appellate court's jurisdiction over the cause, even if the exercise of that jurisdiction is a dismissal of the appeal.

30 days after entry of the corrected judgment deprives us of jurisdiction.

The lead opinion's conclusion that an appeal from a nonfinal judgment deprives the appellate court of jurisdiction is based on Supreme Court decisions. 104 Or App at 668, n 3. However, the cases it relies on predate the enactment of ORS 19.033(4) and do not explain the effect of the passage of that statute on the jurisdiction of the appellate court. The lead opinion errs in its belief that the "act of giving leave under ORS 19.033(4) does not have any effect on the jurisdiction of the appellate court if jurisdiction to decide the case did not previously exist."[2] 104 Or App at 671.

Historically, when a notice of appeal was filed from a nonfinal judgment, the appeal was dismissed. ORS 19.033(4) was enacted to avoid dismissal when the appellate court could determine that there were no substantive issues remaining for determination in the trial court but the judgment did not state that finality. *See, e.g., City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983). ORS 19.033(4) did not change the requirement of prior case law that a decision on the merits of a case depends on a final judgment, but it did provide a mechanism whereby the appellate court, without relinquishing jurisdiction, could receive a final judgment so that it could make a decision.

Legislation is to be construed so that it will carry out its purpose and, if its purpose is unclear from the language of the section, courts are required to give a meaning that comports with common sense and with the statutory scheme as a whole. *Didier v. S.I.A.C.,* 243 Or 460, 465, 414 P2d 325 (1966). A legislative act is not to be deemed meaningless. *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510 (1976).

It would be meaningless for the legislature to have required a party to file a new appeal from a judgment entered under ORS 19.033(4). That would have not achieved any result not available by dismissing the case to be followed by

---

[2] Jurisdiction is actually a broad grant of power with several aspects:

"A court's jurisdiction encompasses three types of jurisdiction — (1) jurisdiction of the subject matter, (2) jurisdiction of the parties, and (3) jurisdiction or power to render the particular judgment." *Landis v. City of Roseburg,* 243 Or 44, 49, 411 P2d 282 (1966).

entry of an appealable judgment and a new notice of appeal. That the legislature intended a different result is apparent from legislative hearings on the amendment, during which counsel to the Senate Judiciary Committee explained that ORS 19.033(4)

"[a]llows the trial court *to cure* certain problems of a judgment that has been appealed *without affecting the appellate juris-diction*[.]" Minutes, Senate Judiciary Committee, June 12, 1985, p. 19. (Emphasis supplied.)

There is no need for ORS 19.033(4) to create appellate jurisdiction, because it exists pursuant to ORS 19.033(1) which provides that, once a notice of appeal has been filed, the appellate court has jurisdiction "of the cause." While the jurisdiction of the cause is in the appellate court, the trial court's authority is limited. It retains jurisdiction over attorney fees, costs and disbursements, ORS 19.033(1), and may enter an order under ORCP 71. ORS 19.033(5). It may also enter an appealable judgment with leave of the appellate court pursuant to ORS 19.033(4). Appellate *jurisdiction over the cause* does not end until "a copy of the appellate judgment is mailed * * *." ORS 19.033(6). In short, ORS 19.033 in its entirety provides that, once the notice of appeal has been filed, the appellate court has jurisdiction and the trial court does not. *See Murray Well-Drilling v. Deisch,* 75 Or App 1, 9, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1986).

The lead opinion is wrong in stating that "ORS 19.010 means that an appeal can be taken *only* from a *final* judgment." 104 Or App 668. If a notice of appeal "has been served and filed as provided in ORS 19.023, 19.026 and 19.029," even if the notice of appeal is from a nonappealable order, the appellate court still has jurisdiction over the cause. ORS 19.033(1). ORS 19.010 is a jurisdictional statute only in the sense that it defines what we may review:

"A judgment or decree *may be reviewed on appeal* as pre-scribed in ORS 19.005 to 19.026 and 19.029 to 19.200." (Emphasis supplied.)

In a footnote, the author of the lead opinion recognized the distinction between appealability and reviewability in *Murray Well-Drilling v. Deisch, supra,* 75 Or App at 5, n 4:

"To say that an appeal is dismissed 'for lack of jurisdic-tion' when the defect is a want of an appealable judgment or

order may be inaccurate usage. ORS 19.033(1) * * * and ORS 19.033(2) * * * emphasize that what is considered 'jurisdictional' are the requirements of ORS 19.023, 19.026 and 19.029. One searches those statutes in vain for the requirement that an appeal be taken from an appealable judgment or order.

"The requirement of an appealable judgment or order is contained in ORS 19.010. That statute does not use the word 'jurisdiction' but merely defines those judgments, decrees and orders that are reviewable on appeal. Arguably, then, *when this Court dismisses an appeal because we determine that the document being appealed is not reviewable under ORS 19.010, the defect is not 'jurisdictional,' as that term is used in ORS 19.033. The implication is that, once a notice of appeal has been filed within the time and in the manner prescribed in ORS 19.023, 19.026 and 19.029, under ORS 19.033(1), and during the pendency of the appeal, the appellate court has 'jurisdiction' and the trial court does not, regardless of whether the document designated as the subject of the appeal ultimately is determined not to be appealable.*" (Emphasis supplied.)

We have previously determined in *Honeyman v. Clostermann*, 90 Or App 615, 619, 753 P2d 1384 (1988), that

"failure to file a notice of appeal within 30 days after entry of the corrected judgment does not deprive [this court] of jurisdiction. We obtained jurisdiction when defendants timely appealed from the first judgment. Our remand to the trial court with leave to enter a corrected judgment pursuant to ORS 19.033(4) did not affect our jurisdiction. *See Murray Well-Drilling v. Deisch, [supra].*"

The lead opinion has provided no convincing grounds for overruling *Honeyman v. Clostermann, supra.* At best, it has provided an alternative construction of ORS 19.033. In my view, that construction is less persuasive than that in *Honeyman v. Clostermann, supra* and *Murray Well-Drilling v. Deisch, supra.* Moreover, it leads to absurd and inequitable results, as evidenced by the case at bar. Accordingly, I dissent.

Deits, J., joins in this dissent.