On motion to dismiss filed November 9, and the response thereto filed November 25, 1988, and on court's own motion determination of jurisdiction, appeal from purported judgment for sanctions dismissed and vacated; trial court granted leave to enter appealable judgment September 13, 1989, appeal dismissed by order for lack of jurisdiction January 8, 1990

BAUGH et al,
*Respondents,*

*v.*

BRYANT LIMITED PARTNERSHIPS
I through XV et al,
*Defendants,*

*and*

BRYANT,
*Appellant.*

BAUGH et al,
*Appellants - Cross-Respondents,*

*and*

DOES ONE through THIRTY, inclusive,
*Appellants,*

*v.*

BRYANT LIMITED PARTNERSHIPS
I through XV et al,
*Respondents - Cross-Appellants,*

*and*

PACIFIC NORTHWEST TRUST CO.,
*Respondent.*

(86-1-357; CA A48114)

779 P2d 1071

John J. Herbrand, Beaverton, for appellant David L. Bryant.

Timothy E. Brophy and Bernard, Kneeland & Brophy, Portland, for plaintiffs Robert H. Baugh and William P. Dorsey.

John C. Caldwell and Hibbard, Caldwell, Bowerman & Schultz, Oregon City, for plaintiffs Nick N. Westlund and Jean Patterson.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

ROSSMAN, P. J.

### . ROSSMAN, P. J.

There are two appeals in this case. In the first, defendant Bryant appeals a judgment for sanctions for alleged discovery violations. ORCP 46D.[1] The court purported to enter that judgment pursuant to ORCP 67B[2] in February, 1988. Plaintiffs have moved to dismiss the appeal on the ground that Bryant failed to file an undertaking for costs on appeal. ORS 19.038. In November, 1988, the court entered judgment for defendants on the merits of plaintiffs' claims but did not award costs to defendants. In the second appeal, plaintiffs appeal that judgment, and all defendants except Pacific Northwest Trust Co. cross-appeal from the denial of costs. In the course of considering the motion to dismiss the first appeal for failure to file a cost bond, we discovered a more fundamental reason that we must dismiss it. We also consider the effect of that reason on the second appeal but conclude that it does not require the dismissal of that appeal. However, the trial court failed to enter an appealable judgment, and we grant it leave to do so.

■ The first issue is whether an award of sanctions for a discovery violation can in itself constitute a judgment. We

---

[1] ORCP 46D provides, in pertinent part:

"If a party or an officer, director, or managing agent of a party or a person designated under Rule 39 C.(6) or 40 A. to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition of that party or person, after being served with a proper notice, or (2) to comply with or serve objections to a request for production and inspection submitted under Rule 43, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just * * *. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising such party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."

[2] ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

conclude that it cannot and therefore dismiss the appeal from that "judgment." The second issue is whether an appeal from a purported ORCP 67B judgment that in fact is not a judgment deprives the trial court of jurisdiction to decide the remaining issues in the case. We conclude that it does not and that, therefore, the trial court had jurisdiction to enter a final judgment in November, 1988. We first consider the appeal from the award of sanctions.

ORS 19.010 authorizes an appeal from a "judgment." ORCP 67A defines a judgment as "the final determination of the rights of the parties in an action," including a judgment entered pursuant to ORCP 67B. A judgment is final for purposes of appeal only when it completely and finally determines the controversy as to all parties and claims, unless it complies with ORCP 67B. *State ex rel Orbanco Real Estate Serv. v. Allen,* 301 Or 104, 720 P2d 365 (1986); *State ex rel Zidell v. Jones,* 301 Or 79, 720 P2d 350 (1986); *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 591 P2d 352 (1979). Under ORCP 67B, a judgment that disposes of fewer than all claims may nevertheless be final and appealable if the trial court finds that there is no just reason for delay in the entry of judgment and directs entry of judgment. The judgment for sanctions from which Bryant appealed contains a finding of "no just reason for delay in the entry of judgment" and a direction for entry of judgment; it thus appears to comply with ORCP 67B.

However, for ORCP 67B to apply, the court must have determined a "claim." We hold that a motion for sanctions under ORCP 46D does not constitute a claim within the meaning of ORCP 67; therefore, a purported judgment for sanctions under ORCP 46D standing by itself cannot be final and appealable. A claim is a request for relief stated in a pleading. ORCP 18.[3] ORCP 13A defines pleadings, and ORCP

---

[3] ORCP 18A provides, in pertinent part:

"A pleading which asserts a claim for relief, whether an original claim, counterclaim, cross-claim, or third party claim, shall contain:

"(1) A plain and concise statement of the ultimate facts constituting a claim for relief * * *.

"(2) A demand of the relief which the party claims * * *."

13B prescribes which pleadings the rules recognize.[4] A motion is not a pleading. It follows that when a court, pursuant to a motion, awards attorney fees, costs or expenses as a sanction under ORCP 46D for failure to comply with the discovery process,[5] the award is not the adjudication of a claim within the meaning of ORCP 67. It should not be designated a "judgment" by itself.

In this case, the request for sanctions was by motion.[6] As such, it was not a claim and the award, although entitled "JUDGMENT," standing alone, could not have been and was not a judgment. Because the determination of a request for discovery sanctions is not the adjudication of a claim, compliance with ORCP 67B cannot turn an award into a judgment before all claims, or at least before the claim or claims to which the discovery sanctions relate, are adjudicated.[7] Therefore, we dismiss defendant Bryant's appeal.

Plaintiffs moved to dismiss Bryant's appeal on the ground that he had failed to file an undertaking. ORS 19.038. Because we dismiss on another ground, we deny the motion as moot.

■ The next question is whether the trial court retained

---

[4] ORCP 13 provides, in pertinent part:

"A. The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses.

"B. There shall be a complaint and an answer. An answer may include a counterclaim against a plaintiff, including a party joined under Rule 22 D. and a cross-claim against a defendant, including a party joined under Rule 22 D. A pleading against any person joined under Rule 22 C. is a third party complaint. There shall be an answer to a cross-claim and a third party complaint. There shall be a reply to a counterclaim denominated as such and a reply to assert any affirmative allegations in avoidance of any defenses asserted in an answer. There shall be no other pleading unless the court orders otherwise."

[5] Fees and costs are generally assessed after judgment pursuant to ORCP 68C(4). However, fees and costs recoverable as discovery sanctions under ORCP 46D are granted by order and are expressly excepted from ORCP 68C by ORCP 68C(1)(c). Discovery sanctions are neither "claims" within the meaning of ORCP 67B nor subject to the provisions of ORCP 68.

[6] The motion was made to a referee appointed by the trial court to manage discovery. The referee recommended that sanctions be awarded. The trial court approved the recommendation and entered the judgment for sanctions.

[7] Compare *Chelson v. Oregonian Publishing Co.*, 71 Or App 645, 648, 694 P2d 981 (1985), in which we held that it was improper for the trial court to enter a judgment under ORCP 67B when the judgment did not dispose of all *counts* that, collectively, constituted one claim for relief.

jurisdiction to decide the merits of the case after the purported appeal from the award of sanctions. ORS 19.033(1) provides that the appellate court acquires jurisdiction of the cause upon the filing of a notice of appeal.[8] In *Murray Well-Drilling v. Deisch*, 75 Or App 1, 704 P2d 1159 (1985), *rev den* 300 Or 546 (1988), we held that the filing of a notice of appeal, even from an order or judgment that we subsequently held to be nonappealable, deprives the trial court of jurisdiction to proceed with the case until the appellate court disposes of the appeal. However, in *State ex rel Gattmann v. Abraham*, 302 Or 301, 311, 729 P2d 560 (1986), the Supreme Court held that an appeal from a judgment entered pursuant to ORCP 67B did not deprive the trial court of jurisdiction over those portions of the case that were not involved in the judgment from which the appellant appealed:

> "It was not the intention to oust the trial court of jurisdiction of those parts of the litigation which are not directly involved in the appeal. 'Cause' [as used in ORS 19.033(1)] must have been chosen by the legislature because it has a broad meaning and may include a case or proceeding or any part thereof depending upon the circumstances from which an appealable judgment might be entered under ORS 19.010."

The rule, therefore, is that the appeal of a *valid* ORCP 67B judgment brings to the appellate court only those claims that the court decided in the judgment. The trial court remains free, in its discretion, to proceed with the other portions of the case without waiting for the decision on appeal. We see no reason that the result should be different for an *invalid* ORCP 67B judgment. In either case, the trial court has determined that a portion of the case is severable from the rest and is ready for final disposition. As the Supreme Court suggested in *State ex rel Gattman v. Abraham, supra*, an appeal transfers to the appellate court so much of the case as the judgment appealed from purports to decide. That is what ORS 19.033(3) means when it provides that an appeal of a judgment gives the appellate court jurisdiction of "the cause." If there is no ORCP 67B language, the appeal brings the entire case; if

---

[8] ORS 19.033(1) provides, in pertinent part:

"When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause * * *."

there is such language, it brings only the claims that the judgment purports to decide.

Our conclusion makes practical as well as legal sense. Although the appellate court may later decide that the trial court's determination that it could enter a valid ORCP 67B judgment was erroneous, the trial court will usually act as though it were correct and may proceed to decide the unresolved matters. If we were to hold that an appeal from an invalid ORCP 67B judgment deprived the trial court of jurisdiction over the entire case, that court could never be sure whether it had any jurisdiction to act after an appeal from an ORCP 67B judgment. Although the trial court may believe the ORCP 67B judgment to be valid, every action it took after the appeal would be void as beyond its jurisdiction if the appellate court later decided that it was wrong. Under the rule that we adopt, cases will not hang in limbo while the appellate court decides if it has jurisdiction over the portion appealed.

■   Finally, we must decide whether the remaining appeal and cross-appeal are from a final judgment. Although defendant filed counterclaims, neither the judgment from which the appeal and cross-appeal were taken nor any other judgment disposes of them. Therefore, there is no final judgment. It appears, however, that the trial court intended to enter such a judgment, and we therefore grant it leave under ORS 19.033(4) to enter an appealable judgment, on the motion of any party, within 21 days of the effective date of this decision. The case will be held in abeyance until the entry of an appealable judgment and until the parties thereafter file amended notices of appeal and cross-appeal.[9] If they do not do

---

[9] The trial court must ensure that any new judgment contains the proper case title. We have expended considerable time and energy attempting to determine who are the parties to this case. The caption of the complaint identifies Robert H. Baugh, Nick N. Westlund, William Dorsey and "DOES ONE through THIRTY" as plaintiffs. Later, Jean Patterson, Executrix of the Estate of Harlan W. Patterson, was added as a party plaintiff. The complaint identifies as defendants Bryant Limited Partnerships I through XV, Hillshire Trusts I through XV, David L. Bryant, Pacific Northwest Trust Co., and "DOES ONE through FORTY-FIVE." It appears that, during the course of the proceedings, certain of the "Does" were identified, although the record does not show that any of those previously unidentified persons was then made a party to the case.

The judgment from which plaintiffs and defendants appeal avoids identifying the parties by captioning the case "ROBERT H. BAUGH, et al, vs. BRYANT LIMITED PARTNERSHIPS I, THROUGH XV, et al." To complicate matters further, the notice of appeal filed by defendants from the November, 1988, amended judgment

so within 45 days of the entry of an appealable judgment, we will dismiss the appeal or cross-appeal for want of prosecution.

Appeal from purported judgment for sanctions dismissed and that judgment vacated; trial court granted leave to enter appealable judgment.[10]

---

identifies Elizabeth Bryant and Betty Bryant as two of the defendant "Does." The notice of appeal filed by plaintiffs identifies a number of parties, such as the "managing partners" of Bryant Limited Partnerships Blue Ravine-100 Co., Blue Ravine-110 Co., Blue Ravine-120 Co., Cottage Dr./Sharp Park, Inc., Hillshire Trust XX and C and Bryant Limited Partnerships XX and C as parties to the appeal. Again, it does not appear from the record that any of those persons or entities was ever made a party to the action.

ORCP 70A(1)(a) requires that every judgment "specify clearly the party or parties in whose favor it is given and against whom it is given * * *." In a case with multiple plaintiffs and defendants, especially if some of the parties are called "Does," a judgment does not comply with ORCP 70A(1)(a) if its caption does not identify all of the parties to the case. Any judgment or judgments in this case should identify the parties, and only the parties, to the action and show clearly the disposition of every claim and counterclaim.

[10] We need not decide at this time whether Bryant may challenge the award of sanctions as part of his cross-appeal.