Argued and submitted July 24, 1997, appeal held in abeyance; trial court granted
leave to enter appealable judgment May 13, 1998

Mark W. NELSON,
*Appellant,*

*v.*

Phil KEISLING,
Secretary of State,
*Respondent,*

*and*

Ellen C. LOWE,
George Waldmann and Russell E. Danielson,
*Intervenors-Respondents.*

(96C12462; CA A94305)

960 P2d 386

James M. Brown argued the cause for appellant. With him on the briefs were K. Bruce Knivila and Enfield Brown & Collins.

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy

Myers, Attorney General, and Virginia L. Linder, Solicitor General.

John DiLorenzo, Jr., argued the cause for intervenors-respondents Ellen C. Lowe, George Waldmann and Russell E. Danielson. With him on the brief were Michael E. Farnell and Hagen, Dye, Hirschy & DiLorenzo, P.C.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Riggs, Judge.**

LANDAU, P. J.

---

\* Deits, C. J., *vice* Leeson, J., resigned.

\*\* Riggs, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Plaintiff initiated this action for declaratory and injunctive relief, contending that defendant, the Secretary of State (the secretary), must invalidate any signatures gathered in support of 1996 Ballot Measure 44 that were gathered by individuals who were not registered Oregon voters as required by ORS 260.560 and asking the court to set aside the secretary's certification of the initiative for the general election ballot. Plaintiff alleged in his amended complaint three claims for violation of various constitutional provisions, for violation of relevant statutes and for violation of relevant administrative rules. Plaintiff also alleged three separate counts within each claim. The secretary moved for summary judgment on all claims. The trial court granted the motion on two of the three counts in each of the three claims and entered a judgment pursuant to ORCP 67 B on those counts. Plaintiff then appealed, contending that the trial court erred in granting the secretary's motion as to the two counts in each of the three claims for relief.

We requested additional briefing from the parties on whether the judgment, having disposed of fewer than all counts on any claim, is appealable. In response, the parties agree that the judgment is not appealable. They request, however, that, because it is clear that the trial court intended to enter an appealable judgment, we should hold the case in abeyance and allow the trial court leave under ORS 19.270(4) to enter an appealable judgment.

■■ We conclude that the parties correctly concede that the judgment is not appealable, because it fails to adjudicate fully at least one claim. *See Lesch v. DeWitt,* 317 Or 585, 589, 858 P2d 872 (1993) ("an ORCP 67 B judgment cannot be entered unless it fully adjudicates at least one claim"); *Baugh v. Bryant Limited Partnerships,* 98 Or App 419, 424 n 7, 779 P2d 1071 (1989), *on recons* 104 Or App 665, 803 P2d 742 (1990), *rev'd on other grounds* 312 Or 635, 825 P2d 1383 (1992) ("it was improper for the trial court to enter a judgment under ORCP 67 B when the judgment did not dispose of all *counts* that, collectively, constituted one claim for relief")

(emphasis in original). We further conclude that, as the parties propose, it is appropriate to hold this case in abeyance and grant the trial court leave to enter an appealable judgment. *See Baugh*, 98 Or App at 426-27 (holding in abeyance appeal to permit entry of appealable judgment when trial court entered judgment on less than an entire claim). Plaintiff is allowed 21 days to obtain from the trial court an appealable judgment and an additional 30 days from the entry of that judgment to file an amended notice of appeal.

Appeal held in abeyance; trial court granted leave to enter appealable judgment.