554 September 24, 2025 No. 828

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Shantubhai N. SHAH,
*Plaintiff-Appellant,*

*v.*

AEROTEK AFFILIATED SERVICES, INC.,
fka Aerotek Inc., and BKI Enterprises, Inc.,
*Defendants-Respondents,*

*and*

AEROTEK RECRUITING AGENCY et al.,
*Defendants.*

Multnomah County Circuit Court
21CV05323; A182728

Shelley D. Russell, Judge.

Argued and submitted August 27, 2025; on appellant's motion for sanctions filed August 14, 2025, respondent BKI Enterprises, Inc.'s response filed August 18, 2025, respondent Aerotek Affiliated Services, Inc.'s response filed August 19, 2025, and appellant's reply filed August 28, 2025.

Shantubhai N. Shah argued the cause and filed the briefs *pro se*.

Tyler J. Storti argued the cause for respondent Aerotek Affiliated Services, Inc.  Also on the brief was Sokol, Larkin, Wagner & Storti LLC.

Respondent BKI Enterprises, Inc., did not file an answering brief..

Before Shorr, Presiding Judge, Lagesen, Chief Judge, and Powers, Judge.

POWERS, J.

Motion for sanctions denied; appeal dismissed.

**POWERS, J.**

Plaintiff appeals from what purports to be a limited judgment awarding defendant Aerotek Affiliated Services, Inc., attorney fees and costs related to litigating plaintiff's motion to compel and fourth motion for leave to file an amended complaint. On appeal, plaintiff advances numerous arguments challenging the trial court's denial of his motion to compel discovery and motion for leave to amend his complaint in the underlying litigation as well as challenging the limited judgment and the award of attorney fees and costs. After briefing was complete, plaintiff also filed a motion for sanctions against Aerotek and a separate defendant, BKI Enterprises, Inc., who is not a party to this appeal. Ultimately, we do not reach the merits of plaintiff's arguments because plaintiff has not appealed from an appealable judgment. Like the situation in *Trail v. Haney*, 288 Or App 626, 406 P3d 188 (2017), where we concluded that a purported limited judgment was not appealable, the document plaintiff attached to the notice of appeal in this case does not meet the requirements for a valid limited judgment. Accordingly, we dismiss the appeal.

Although plaintiff's arguments mainly focus on the merits of the trial court's determinations, we begin by evaluating the validity of the limited judgment because it impacts appellate jurisdiction. That is, if plaintiff has not appealed from an appealable judgment or order, then we do not have appellate jurisdiction and must dismiss the appeal. As we understand the record, the trial court prepared and entered the limited judgment after it issued an order that, among other actions, denied plaintiff's fourth motion to amend the complaint and awarded sanctions under ORS 20.105 to Aerotek related to its opposition to the motion to amend.[1]

---

[1] In its order awarding sanctions under ORS 20.105, the trial court explained: "Plaintiff was given [a] warning by the Court before this award of sanctions that he would receive sanctions if he filed additional, frivolous motions to amend his Complaint." ORS 20.105 provides, in part:

"(1) In any civil action, suit or other proceeding in a circuit court ***, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order ***."

The difficulty with that purported limited judgment is that, notwithstanding its caption, the document is not a valid limited judgment. That is, just like the situation in *Trail*, in which we analyzed a purported limited judgment awarding sanctions under ORCP 17, the purported limited judgment in this case does not qualify as a valid limited judgment.

ORS 18.005(13) defines "limited judgment" as:

"(a)   A judgment entered under ORCP 67 B or 67 G;

"(b)   A judgment entered before the conclusion of an action in a circuit court for the partition of real property, defining the rights of the parties to the action and directing sale or partition;

"(c)   An interlocutory judgment foreclosing an interest in real property; and

"(d)   A judgment rendered before entry of a general judgment in an action that disposes of at least one but fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment."

None of those categories fit the trial court's determination in this case. In *Trail*, we explained:

"Working through the ORS 18.005(13) categories in reverse, [the sanction award under ORCP 17] is not a limited judgment under ORS 18.005(13)(d) because, even if an order granting a motion for ORCP 17 sanctions could be construed as disposing of a 'request for relief' in the action, there is no source of legal authority that authorizes a court to award ORCP 17 sanctions by limited judgment. The document is not a limited judgment under ORS 18.005(13)(b) or (c) because it does not resolve the sort of real property disputes identified in those provisions."

288 Or App at 629. The same analysis applies here where the trial court awarded sanctions under ORS 20.105(1).

Turning to the last potential category, ORS 18.005(13)(a), we conclude that *Trail* also provides a definitive answer. ORCP 67 G is not applicable in this case because the judgment did not resolve a "portion of any claim

that exceeds a counterclaim." ORCP 67 G.[2] Similarly, following *Trail*, ORCP 67 B is also not applicable.[3] *See Trail*, 288 Or App at 629-30 (discussing *Baugh v. Bryant Limited Partnerships*, 98 Or App 419, 779 P2d 1071 (1989), and concluding that "a trial court's purported limited judgment awarding sanctions does not resolve a 'claim' within the meaning of ORCP 67 and, as such, is not a valid ORCP 67 B judgment").

In short, because we face essentially the same situation as we did in *Trail*, we are bound by its analysis and conclude that the purported limited judgment in this case fails to fit any of the categories of limited judgments defined by ORS 18.005(13). Accordingly, because the trial court's entry of a purported limited judgment was not valid, the appeal must be dismissed. We further note that our dismissal of the appeal in the current procedural posture does not mean that plaintiff is left without an avenue to challenge the merits of the trial court's underlying decisions. Rather, plaintiff must wait until the trial court has entered a judgment that satisfies the requirements for appealability. *See Trail*, 288 Or App at 630 n 2 (so observing).

Finally, two other issues remain.[4] First, we deny plaintiff's motion for sanctions, which appears to be based on actions that were not encompassed in the limited judgment. Second, because the trial court's erroneous entry of what purported to be a valid limited judgment no doubt

---

[2] ORCP 67 G provides:

"The court may direct entry of a limited judgment as to that portion of any claim that exceeds a counterclaim asserted by the party or parties against whom the judgment is entered, if the party or parties have admitted the claim and asserted a counterclaim amounting to less than the claim."

[3] ORCP 67 B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more but fewer than all of the claims or parties. A judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

[4] As noted at oral argument, defendant's emergency motion to allow *pro hac vice* counsel to appear for oral argument, which was filed earlier that day, was denied from the bench because it did not comply with the Oregon Rules of Appellate Procedure and it did not ask for a determination of—much less establish—good cause to waive those requirements. *See* ORAP 6.10 and 8.10.

contributed to plaintiff's premature appeal, we conclude that it is appropriate that the parties bear their own costs for this appeal.

Motion for sanctions denied; appeal dismissed.