268 May 6, 2026 No. 365

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Heather Lynn BOERSMA,
*Plaintiff-Appellant,*

*v.*

Cynthia DAVENPORT,
an individual,
and Dollar Tree Corporation Stores, Inc.,
*Defendants-Respondents.*

Marion County Circuit Court
23CV44512; A186400

Jennifer K. Gardiner, Judge.

Submitted February 19, 2026; on the court's order to show cause filed March 4, 2026, and appellant's response filed March 17, 2026.

Heather Boersma filed the brief and response *pro se.*

No appearance for respondents.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Appeal dismissed; additionally, plaintiff is directed to pay $500 to the Appellate Court Services Division of the Oregon Judicial Department.

**JOYCE, J.**

Plaintiff, a self-represented party, appeals from what is labeled as a limited judgment awarding defendants $735.00 pursuant to ORCP 39 H(1) for plaintiff's failure to attend a deposition. Defendants have not appeared. Because we conclude that the judgment from which plaintiff appeals is not a valid limited judgment and thus not appealable, we dismiss plaintiff's appeal. Additionally, plaintiff's opening brief contains several citations to fabricated cases and cases that are unrelated to the propositions for which she cites them. In response to our order to show cause on the issue of fabricated authority, plaintiff recognized the possibility that there were "citation issues" with her brief, but she did not explicitly recognize that her brief included fabricated authority or take responsibility for their inclusion. She also admitted to having been made aware, prior to this case being submitted to the court, of the potential for her legal research and writing process to produce fabricated authority. We conclude that sanctions are warranted and order a monetary sanction of $500, payable to the Appellate Court Services Division of the Oregon Judicial Department.

## FABRICATED AUTHORITY

We begin with the issue of plaintiff's reliance on fabricated authority in her opening brief. When examining plaintiff's brief, we found several citations to completely fabricated cases and numerous instances in which plaintiff cites cases that are unrelated to the propositions for which she cites them. We issued an order to show cause "(1) why plaintiff's opening brief should not be stricken in part or in whole and (2) why this court should not, on its own motion, impose monetary sanctions for submitting briefing to this court that contained nonexistent case law." In plaintiff's response to the order to show cause, she claimed that she conducted her research in good faith despite limited access to legal research tools, did not intend to submit fabricated authority, and had been "subjected to heightened scrutiny for minor or correctable citation issues" while defendants relied on questionable legal authority without consequences in the trial court. She also pointed us toward her "prior experience regarding citation errors" as evidence that she has a history

of acting in good faith and being willing to correct errors once they are identified. Specifically, she pointed us toward her actions in a separate appeal before this court.

According to plaintiff, in that separate appeal, opposing counsel informed her that several citations in plaintiff's opening brief for that case were "either misquoted or mischaracterized." Plaintiff filed a motion for leave to file an amended opening brief in that case, explaining the citation issues. However, she filed no such motion in this case, which was being briefed around the same time as the separate appeal. Plaintiff apparently took no steps to ensure that her opening brief in this case did not contain the same issues to which she had been alerted in the separate appeal.

ORCP 17 C(1), which applies to the appellate courts through ORAP 1.40(4), provides that a party who signs a document filed with the court "makes the certifications to the court identified in subsections (2) to (5) of this section, and further certifies that the certifications are based on the person's reasonable knowledge, information and belief, formed after the making of such inquiry as is reasonable under the circumstances." Further, self-represented parties "must inform [themselves] of and comply with court rules as any other litigant." *State v. Palmer*, 35 Or App 125, 128, 580 P2d 592 (1978). When a party is found to have made a false certification under ORCP 17 C, the court may impose sanctions against them. ORCP 17 D(1).

Here, plaintiff was on notice of the potential for her research and writing process to produce fabricated authority. She was also aware of a potential mechanism for alerting this court to the fact that her brief might contain fabricated authority, having filed a motion to amend a brief in a separate case due to "misquoted or mischaracterized" legal authorities therein while this case was still being briefed. However, plaintiff did not investigate the authority she relied on in this case and did not inform this court of the possible citations issues to which she had been alerted. Further, plaintiff's reliance on fabricated authority wasted the resources of this court. Therefore, we conclude that sanctions are warranted. A monetary sanction in the amount of

$500 is in order. *See Powell v. Employment Dept.*, 347 Or App 55, 60, ___ P3d ___ (2026) (imposing a $500 sanction on a *pro se* party where (1) that party was on notice of the potential for his research and writing process to produce fabricated authority but did not inform the court and (2) that reliance on fabricated authority wasted judicial resources).

## LIMITED JUDGMENT

We turn to the question of whether the judgment from which plaintiff appeals is a valid limited judgment. The trial court ordered plaintiff to pay defendants' "videographer and court reporter costs" as a sanction for plaintiff having failed to attend her deposition. *See* ORCP 39 H(1) (permitting a trial court to order a party who failed to attend a deposition to pay the other party the reasonable expenses the other party incurred in attending). The trial court then issued a document titled "Limited Judgment and Money Award," which was prepared by defendants' counsel and is the limited judgment from which plaintiff now appeals. Although it is understandable that, based on that title, plaintiff believed the document to be a valid limited judgment, that document is not a valid limited judgment. *See Trail v. Haney*, 288 Or App 626, 628, 406 P3d 188 (2017) (holding that a document titled "Limited Judgment and Money Award" that awarded ORCP 17 sanctions against the defendant was not a valid limited judgment, though recognizing that it was "not surprising that [the] defendant understood it to be a limited judgment and appealed from it").

ORS 18.005(13) sets out what qualifies as a "limited judgment":

"(a)  A judgment entered under ORCP 67 B or 67 G;

"(b)  A judgment entered before the conclusion of an action in a circuit court for the partition of real property, defining the rights of the parties to the action and directing sale or partition;

"(c)  An interlocutory judgment foreclosing an interest in real property; and

"(d)  A judgment rendered before entry of a general judgment in an action that disposes of at least one but

fewer than all requests for relief in the action and that is rendered pursuant to a legal authority that specifically authorizes that disposition by limited judgment."

The document at issue here does not fall within any of those categories. It is not a limited judgment under ORS 18.005(13)(a). It is not a judgment entered under ORCP 67 G because it did not resolve a "portion of any claim that exceeds a counterclaim." *Trail*, 288 Or App at 629 (quoting ORCP 67 G). It is also not a judgment under ORCP 67 B. *See id.* at 629-30 (holding that a purported limited judgment awarding sanctions does not resolve a "claim" for purposes of ORCP 67 and is consequently not a valid ORCP 67 B judgment); *see also Shah v. Aerotek Affiliated Services, Inc.*, 343 Or App 554, 558, 578 P3d 1284 (2025), *rev den*, 375 Or 67 (2026) (holding that ORCP 67 B is not applicable to a document awarding sanctions under ORS 20.105(1)). The document is also not a limited judgment under ORS 18.005(13)(b) or (c) "because it does not resolve the sort of real property disputes identified in those provisions." *See Trail*, 288 Or App at 629.

Finally, the purported limited judgment is also not a limited judgment under ORS 18.005(13)(d) because no source of legal authority authorizes a court to award ORCP 39 H(1) sanctions by limited judgment. *See id.* (so holding in the context of ORCP 17 sanctions). As we noted for the appellants in *Trail* and *Shah*, plaintiff must wait until the trial court has entered a judgment that satisfies the requirements for appealability before she can challenge the trial court's award of sanctions. *See Trail*, 288 Or App at 630 n 2; *Shah*, 343 Or App at 558.

Appeal dismissed; additionally, plaintiff is directed to pay $500 to the Appellate Court Services Division of the Oregon Judicial Department.